GEORGE W. SWEPSON, F. DIBBLE, THE TALLAHASSEE RAILROAD COMPANY, *et al.*, APPELLANTS, VS. WILKINSON CALL AND JAMES M. BAKER, APPELLEES.

1. When a judge of the Circuit Court orders the transfer of a cause to another circuit, under the provisions of "An act to provide for the more effectual administration of justice in this State," approved January 24, 1851, he should affirmatively state in the order of transfer, or in some other paper to be filed, the reason why the transfer is made, or the order will be irregular.

2. The statute referred to makes it a condition of the transmission of the papers by the clerk, that the costs shall be first paid, and if the condition be not complied with on the part of the party procuring the order of transfer, and the clerk should refuse or neglect to transmit the papers for that reason, any other party may, on proper application, have the first order revoked and the cause removed to any proper circuit on complying with the statute.

3. A judge has no jurisdiction of a cause in which he is interested, and can make no order therein except for the purpose of transferring it to some other circuit whereof the judge is qualified to try the cause, and if the judge of the circuit to which the cause is sent is also disqualified, *held*, that it is his duty to order the papers to be returned to the court from which it was sent, in order that some other circuit may be selected.

4. The jurisdiction of the court in which a suit is commenced is not divested merely by an order of transfer under the act of January 24, 1851, nor does the court to which the transfer is directed to be made obtain jurisdiction until the papers reach the clerk of the court mentioned in the order.

5. A civil cause is not pending in a court until the papers showing the existence of the cause are deposited with the clerk who has the custody of the records of the court having jurisdiction of the cause.

6. The requirements of a statute authorizing a transfer of a cause from one court to another must be strictly observed, and everything necessary to transfer jurisdiction under the statute must appear in the record of the cause.

7. The fourth section of the act approved January 24, 1851, authorizing a judge of one circuit to make orders in suits pending in another circuit in vacation, when the judge of the latter circuit is under the disabilities mentioned in the act, is not in conflict with the constitution of 1868.

The order made by the judge of another circuit is *pro hac vice*, the order of the court in which the cause is pending, and such order must be filed therein.

8. An order of a circuit judge in a cause supposed to be pending in another circuit is void, unless the cause is pending therein at the time the order is made.

9. When application is made to a judge for a writ of injunction upon bill filed, the judge should make an order requiring security to be given to protect parties who may sustain damages in consequence of the issuing of the injunction, and when, under the law of 1860, the party applying for the injunction makes affidavit that he is unable to give the required security, and that the statements in the bill are true, the judge is not authorized to grant the writ without requiring security, unless the party shall prove, *ex parte*, the truth of the statements of the bill *and* of the accompanying affidavit.

10. The general rule is, that an application for a writ of injunction, or for the appointment of a receiver, must be upon notice to the opposing parties; yet, if the act to be prohibited be such that delay will be productive of serious damage, the writ will be granted or a receiver appointed *ex parte*. The emergency must be judged of by the chancellor in the exercise of a discreet judgment.

11. When a suit in chancery is commenced in the second circuit, and an order is irregularly made transferring the cause to the third circuit, and owing to the absence of the judge of the latter circuit the papers are taken to and filed in a county in the fourth circuit, where proceedings are had in the cause, from which proceedings an appeal is taken, this court will reverse and set aside such proceedings, and direct that the papers be returned to the county where the suit was commenced.

Appeal from the Circuit Court for Duval county. The case is fully stated in the opinion of the court.

*Papy & Peeler* for Appellants.

*S. J. Douglas* on same side.

The bill in this case was filed on the equity side of the Circuit Court of Leon county, Second Judicial Circuit of Florida.

On the application of the complainants, Baker and Call, for an injunction against the defendant, the judge of the Second Judicial Circuit, feeling himself interested in the

matter in controversy, and therefore disqualified from hearing and determining the application, upon the petition of the complainants, made an order transferring the cause to the Circuit Court of Columbia county, Third Judicial Circuit. By the first section of the act "to provide for the more effectual administration of justice in the courts of this State," approved January 24, 1851, the judge of the Circuit Court in which a cause may be pending, if he is disqualified from hearing and determining the same, shall, upon the petition of either party, cause the same to be removed to some court in the next nearest circuit; but if the judge in the next nearest circuit be also disqualified, some other circuit shall be selected for that purpose. The third section of the same act provides " that upon the removal of a cause, it shall be the duty of the clerk of the court in which such cause was pending ;to transmit all papers in his office belonging thereto to the clerk of the court to which said cause may be ordered to be transferred, together with the order of transfer."

From the provisions of the act above recited, it will be seen that four things are necessary to the complete transfer of a cause from one circuit to another : First, the disqualification of the judge of the circuit in which it is pending to hear and determine the same ; second, a petition, either of the plaintiff or defendant, to have the cause removed to some other circuit in which the judge is not disqualified; third, that the judge in which the cause is pending shall make an order removing the same; and, fourth, that the clerk of the court in which the cause is pending shall transmit all papers in his office belonging thereto to the clerk of the court to which the cause may be ordered to be transferred, together with a certificate of the order of transfer. All these requirements of the statute must be complied with, in order to give jurisdiction to the court to which the cause is transferred.

It is admitted that in this case the judge of the court in

which the cause was pending was disqualified from hearing and determining the same; that a petition was filed by the complainants for the removal of the cause, as directed by the statute; that the order was made by the judge of the Second Judicial Circuit for the transfer of the cause to Columbia county, Third Judicial Circuit.

But it is denied that the clerk of Leon Circuit Court, where the cause was pending, ever transmitted the papers in the cause, together with the order of transfer, to the clerk of Columbia county. The certificate of the clerk of Leon Circuit Court abundantly proves this. Until this act was performed, the Circuit Court of Leon county was not divested of its jurisdiction, nor did the judge of Columbia county acquire jurisdiction to hear and determine the cause.

It is contended by appellees that, inasmuch as one of the appellees got possession of the papers from the clerk of Leon Circuit Court, and delivered them to the judge of Columbia Circuit Court, that the statute had been substantially complied with, and that the cause stood transferred and was pending in Columbia Circuit Court.

To this we answer, that the statute makes it the duty of the clerk of the court in which the case is pending to transmit the papers, together with the order of transfer, to the clerk of the court to which the cause is removed, and no such power or authority is vested in either of the parties, plaintiffs or defendants. It is the duty of the clerk of the court to which a cause is transferred to file the papers, docket the cause, and to make an entry of record of the order of transfer.

This is the only means by which the Judge of the court can properly know that the cause is *then* pending in his court, and subject to his jurisdiction, and that it is rightfully there. A cause is not pending in the court to which it is ordered to be transferred until the receipt of the papers by the clerk, together with the copy of the order of transfer. This order of transfer is his warrant for taking custody of

the papers sent him by the clerk of the court where the suit was pending previous to the transfer. The Judge of the circuit to which the transfer is made can have no proper legal information that such a cause has been transferred to his circuit until he gets it from the clerk of his court, who has possession of the papers and the order of transfer. He can only legally get possession of the papers by and through his clerk; neither of the parties can put him in possession of them, for they have no right to their custody.

It is argued by appellees, that the order made by the Judge of the Second Judicial Circuit for transferring this cause to the Circuit Court of Columbia county, operated as an immediate transfer of the cause to that circuit; and that from the time of making the order, the cause stood transferred; and that the jurisdiction could not be in abeyance; and the case of Ammon vs. The State, 9 Fla., 531, is relied on to support the position. In that case the accused applied for a change of venue, which was granted, and the order made and entered of record, sending the cause to an adjoining county, and *then* the court *adjourned* for the term. The Supreme Court of the State, in passing upon this case say, " that the court having *adjourned*, the jurisdiction could not be in abeyance, and had vested in the court to which the venue had been charged." It would have been strange if they had decided otherwise. The court having adjourned its term, the record and order making the change of venue was beyond its reach, and at no subsequent term could they alter or change it. Not so, however, with orders made at chambers and in vacation. Until the order is executed it is within the control of the Judge making it. Until executed it is in *fieri*, and subject to be recalled, altered or amended at the will of the Judge making it.

Jurisdiction is the right to hear and determine a cause, and is either general or limited.

If the right to hear and determine a cause is given by statute, and a mode and manner pointed out by the statute

by which the cause is to be brought before the court, the jurisdiction of the court in such cases will be special and limited, and nothing will be presumed in favor of the jurisdiction, even when exercised by a court of general jurisdiction. 6 Wheat., 119; 3 Cond. Rep. S. C., 33. The mode and manner prescribed by a statute giving jurisdiction for its exercise, where none existed before the passage of the statute, the terms and conditions of the statute must be strictly followed, otherwise the court will have no jurisdiction, as nothing will be intended in favor of such jurisdiction, even by a court of general jurisdiction.

It has been held by the Supreme Court of the United States, in the case of Thatcher et al. vs. Powell et al., lessee, 6 Wheat., 119, that in summary proceedings, when a court exercises an extraordinary power under a special statute prescribing its course, that course ought to be exactly observed, and those facts, especially which give jurisdiction, ought to appear, in order to show that its proceedings are *coram judice.*

In the case now under consideration, it was necessary, in order to give the Circuit Court of Columbia county jurisdiction, that the papers in the cause, and the order of transfer, should have been transmitted by the Clerk of Leon Circuit Court to the Clerk of Columbia Circuit Court. It was the only way pointed out and recognized by law for these papers to get to the Circuit Court of Columbia county, be there filed, and become a cause pending in that court.

Without the passage of the act of the 24th January, 1851, the cause could not be transferred from one circuit to another; any such transfer would have been totally void. The act alone gives the power of transfer; and to give jurisdiction, the court exercising it, must show affirmatively that every act required by the statute has been observed and performed. It is this alone which can give the court jurisdiction.

The order of transfer was from the 2d to the 3d Judicial

Circuit, and the injunction and order for a receiver was made by the Judge of the 4th Judicial Circuit, in which circuit there was also filed an amended bill.

It would be difficult to conjecture how the cause got in Duval Circuit Court, 4th Judicial Circuit, and upon what principles the Judge of that circuit entertained jurisdiction.

Admitting it to be true, as stated in argument, that the Judge of the 3d Judicial Circuit, to which the cause was ordered to be transferred, was also disqualified to hear and determine the cause, this fact did not confer upon the complainants the right to transfer it again to another circuit. There was no order made by the Judge of the 3d Judicial Circuit transferring the cause to the 4th Judicial Circuit; and if he had made such order it would have been illegal and void—first, because he had as before shown never obtained jurisdiction of the cause; and secondly, because if the cause had been properly transferred to his circuit, and was pending in his court, it was his duty, under the 1st sec. of the act of 1851, to remove the cause to the circuit from which it had been transferred, that the Judge of that circuit might order it to be transferred to some other circuit, the original transfer being void because of the disqualification of the Judge of the circuit to which it was transferred.

The bill of complainants is one for discovery and relief. Upon this bill, before answer and without notice to the defendant, the court granted an injunction and made an order appointing a receiver to take possession of the railroads. This was error, which should be corrected by this court by dissolving the injunction and vacating the order appointing the receiver.

*J. M. Baker* for Appellees.

It is admitted by counsel for defendant that the order for a transfer of the cause was regularly obtained from Judge White, to transfer the cause from Leon to Columbia county, under the 1st section of the act of January 24, 1851, p. 125.

It is not denied that the papers were lawfully taken from the file in Leon county, and went before his honor, Judge White, and that on examining the case, Judge White declining to act, made the proper order to transfer the papers to Columbia.

It further appears from the papers, that the Clerk of Leon county acknowledges the payment of costs, and made and forwarded a certified copy of the order of transfer as required by statute.

It is objected that the Clerk of Leon did not send the bill to the Clerk of Columbia county, and could not do so because the complainants did not return the bill to his office, and he was not able to forward it to the Clerk of Columbia county.

The statute does not prescribe the mode of sending papers to the clerks of circuit courts to which a cause may be transferred. The 3d section of the act makes it the duty of the clerk " on removal of a cause to send all papers in his office," &c., showing that the order removes the cause, not the forwarding of papers by the clerk.

The order of Judge White removed the cause from Leon county, 2d circuit, *eo instanti ;* the jurisdiction of the court ceased and determined, and rested in the circuit court of Columbia county ; it could not be held in abeyance. Ammon vs. State, 9 Fla. 330.

It has been contended that the ruling in that case does not apply, because there the court adjourned and could not make any other order, and jurisdiction could not be held in abeyance.

In this case the same reasoning will apply ; hence the judge having made the order admitting his interests, his jurisdiction and authority over the case ceased, because by law he could have made no other legal or valid order in the case.

The mode of transfer of papers given in statute is merely directory to the clerk, and requires of him the performance of a duty to secure a certain end ; the intention of the law

is complied with when the papers are transferred or carried before the proper court. They are directed usually to the clerk, not to give jurisdiction of the case but for convenience and safe keeping of the papers.

A refiling of the papers in the court to where they are transferred is not necessary—is not required by any statute law, and has not been usual in the practice of this State: only one formal filing is required. 9 Fla. 250.

It was not necessary under the statute to file the papers in Columbia county. The papers in this case were transferred by the presumed assent of the Clerk of Leon county, through one of the complainants. This is shown by the certificate of clerk, of copy of order of Judge White, together with other papers filed with him, sent to care of complainants, and his excuse for not sending them sooner.

The affidavit of complainants shows that having the papers in their possession, thus by assent of the Clerk of Leon county, they applied to Hon. A. A. Knight, Judge of the 4th circuit court, to hear the said cause on the ground that Hon. T. T. Long, Judge of the 3d circuit, was absent from the State. Thus Judge Knight took jurisdiction of said cause under the 4th section of the act, Jan. 24, 1851, p. 124.

That such act was intended for relief in such cases, as shown by its very title, " An Act to provide for the more speedy administration of justice ;" that section authorizing the judge in such cases, on the application of any party, to hear and determine such motions as may be submitted to him, and may discharge said duties in his own or any other circuit, and shall be substituted in all respects in place of judge disqualified.

Under this act, the Judge may perform the duties in his circuit. If he does so, he must take full jurisdiction of the case. If he goes out of his circuit, when he decides the papers are properly before him, he takes *general jurisdiction* of the cause, and is substituted in all respects, even as to

23

jurisdiction, in place of the judge disqualified, and the papers are then fully and properly before his court.

The jurisdiction of circuit court judges is general; the limits provided in fixing different circuits are from convenience and economy, intended to aid and facilitate justice, not to retard and defeat it; therefore, laws fixing such limits, as well as those authorising transfers of causes, should be liberally construed to promote speedy trials and hearings and secure relief.

It is urged that if the case was pending in Columbia county, there was no order of transfer to Duval. The judge being absent, no order could be obtained, and under the 4th section no order is required to authorize a judge to act for one absent or disqualified. The application of one of the parties, " of any party," as in this case was done, is sufficient to authorize the judge to act and assume jurisdiction. The papers being in possession of the complainants and they finding the judge absent, it was not necessary to file the papers in Columbia county, which might cause difficulty or delay. They were authorized to make application to Judge Knight under provision of section 4 of said act for relief; they could have presented the case before Judge Long, if present, without formally filing the papers.

The objections made to the jurisdiction are purely technical, and involve questions of form, and not of substance. The spirit and interest of the law have been fully complied with, and surely, the courts of the State will not be used to defeat great interests and rights, *when no question of merit is involved or raised*, merely on a formal technicality. *De minimis lex non curat.*

The question of jurisdiction cannot be raised by new motions as in this case. The defence that another court of equity has jurisdiction, should be taken by demurrer if the cause appears on the face of the bill, or by plea, if it does not. Story's Eq. Pl'dg, 488 ; Daniel's Chan'y, 578. The judge of the 4th judicial circuit as soon as the papers were

filed in his court, had original jurisdiction of the cause, because the bill shows that most of the defendants reside in that circuit. The property not being within his jurisdiction, is no bar to proceedings in equity ; the court of equity acts upon the person when within its jurisdiction.

The papers in this case are regularly filed by the Clerk of Duval Circuit Court—the amendment of bill was a right of course. It does not appear that any copy had been taken of the bill, and no evidence of appearance or answer. The case could not have been heard by Judge Long, (being absent.) There was no authority to return them to Leon county, as the judge of that court had lost all control of the case. Jurisdiction had gone from him ; the case was therefore, either properly brought.before Judge Knight under section 4 of said act, or in absence of any one qualified to try the case, Judge Knight had a right to assume original jurisdiction.

WESTCOTT, J., being disqualified, did not sit in the cause.

RANDALL, C. J., delivered the opinion of the court.

On the 11th day of August, 1869, James M. Baker and Wilkinson Call filed their bill in chancery in the Circuit Court for Leon county, Second Circuit, against Calvin B. Dibble, George W. Swepson, Franklin Dibble, M. S. Littlefield, J. P. Sanderson, Edward M. Cheney, Alonzo Huling, John L. ReQua, Silas L. Niblack, The Tallahassee Railroad Company, The Jacksonville, Pensacola & Mobile Railroad Company, and Harrison ' Reed, Governor, &c., defendants, upon which the process of subpœna was issued and returned not served.

On the 27th day of August complainants presented to the Judge of the Second Circuit their petition, stating that, "having by motion applied to your honor to grant the injunction prayed for in said bill, and your honor having refused to entertain or hear said motion on the ground of

interest, being disqualified in the provisions of statute," and thereupon pray that an order be made transferring said cause for hearing to the county of Columbia, in the Third Judicial Circuit ; which petition was signed by the complainants. On the same day the following order was made :

" Petition having been filed by the complainants in the above stated cause for a transfer of the above stated cause from this circuit on the ground that the presiding judge of this court is disqualified on account of interest in the subject of litigation in said cause, and cannot legally hear and determine the same, it is therefore ordered that the said cause be transferred in accordance with prayer of said petition to the county of Columbia, Third Judicial Circuit, to be heard and determined before the judge of that circuit. It is further ordered, that the clerk of Leon Circuit Court be required to forward papers in said cause to the clerk of Circuit Court for Columbia county, together with a certified copy of this order.

" Ordered at Chambers, this 27th day of August, 1869.

" P. W. WHITE, Judge," &c.

On the 18th September the complainants presented to the Hon. A. A. Knight, Judge of the Fourth Circuit, a petition, stating that the Hon. T. T. Long, Judge of the Third Circuit, was then, and had been for several days, absent from the State, and asking that the Judge of the Fourth Circuit take the said cause under consideration, and to grant such orders or decrees as to him should be deemed proper.

The bill of complaint was filed in the office of the clerk of the Circuit Court of Duval county, together with other papers, (which had been filed with the clerk of Leon county,) on the 20th September, and on the next day an amendment to the bill of complaint was filed in the Duval clerk's office, wherein the complainants pray the immediate appointment of a receiver. On the 20th September, also, the complainants filed their affidavit that they were " unable to give a bond for a sufficient amount to cover the value of the property in

litigation, or for the amount of the receipts and earnings of the Pensacola and Georgia, and St. Marks, and Florida, Atlantic and Gulf Central Railroad Companies."

On the 21st September, the judge allowed an injunction as prayed in the bill, (which was issued out of the Circuit Court of Duval county,) and made an order appointing a receiver, and directing him to take possession of the Pensacola and Georgia Railroad and the Tallahassee Railroad and their properties, rights, credits, effects, trains, engines, equipments, receipts and money, and directing him to continue running the trains on said roads, and *apply the net earnings* of the said P. and G. R. R. to the extension of said road to the Chattahoochee river, &c., which said order was filed in the clerk's office of Duval county, and the receiver subsequently filed his bond in said clerk's office and took possession of said railroads.

It does not appear that the papers in said cause were transmitted to the clerk of the Circuit Court of Columbia county, or that the judge of the Third Circuit ever made any order in the cause. The defendants in the suit have appealed from the above mentioned orders of the judge of the Fourth Circuit allowing an injunction and appointing a receiver, upon the following grounds:

1. Because the Hon. A. A. Knight had no authority or jurisdiction to take cognizance of said cause, or to grant said interlocutory decrees and orders, or either of them.

2. Because the order appointing a receiver in said cause was made *ex parte*, and without notice.

3. Because said order appointing a receiver was not warranted by any of the rules or principles of law or equity.

4. Because there is no equity in the bill of complaint to warrant the said interlocutory decrees and orders, or either of them.

5. Because the record and files in said cause were never ordered to be transferred to the jurisdiction of the said

Judge Knight or to the Circuit Court of the Fourth Judicial Circuit, or to said judicial circuit.

6. Because the files and papers in said cause have never been properly transferred to the Hon. T. T. Long, Judge of the Columbia . Circuit Court, Third Judicial Circuit, and were never filed in said court or in said circuit, and said cause was never pending therein.

7. Because the said interlocutory decrees and orders granting an injunction and appointing a receiver work a great wrong and injury to the defendants, and were not necessary for the protection of any of the alleged rights of complainants, as set forth in said bill of complaint.

The statute under which the application was made for the order to transfer the cause from the second to the third circuit is found in the laws of 1850, chapter 373, being " An act to provide for the more effectual administration of justice in the courts of this State." It provides (section 1) " that whenever any cause may be pending in any of the Circuit Courts of this State, and the same cannot be heard, tried or determined by reason of the disqualification of the judge of such court to hear and determine the same, it shall be lawful for either party therein to present his petition to such judge, praying that said cause be transferred to some other Circuit Court, and it shall be the duty of the judge so disqualified to have said cause removed to some court in the next nearest circuit ; but if the judge in the nearest circuit be also disqualified, some other circuit shall be selected for that purpose."

Section 3 provides " that on the removal of a cause by virtue of this act, it shall be the duty of the clerk of the court in which the cause was pending to transmit all papers in his office belonging thereto to the clerk of the court to which said cause may be ordered to be transferred, together with a certificate of the order of transfer, *provided* the party applying for the transfer shall first pay all costs which have accrued in such cause."

From these provisions of law, it is manifestly necessary, in order that a cause may be transferred to another circuit on account of the interest of the judge before whom a cause is pending, that it shall appear, first, that the cause pending cannot be heard on account of the disqualification of the judge; second, that a petition be presented, praying for a transfer; third, that the judges so disqualified shall order the cause to be removed to the "next nearest" circuit in which the judge thereof is not disqualified. It is then the duty of the clerk to transmit all the papers belonging to the cause to the clerk of the court mentioned in the order of transfer, with a certificate of that order, "*provided* the party applying shall first pay all the costs which have accrued in the cause."

Does it appear in this record that the judge of the Second Circuit was disqualified, and that a proper foundation was laid for making the order of transfer? The only reference to this fact is contained in the petition, which recites that the petitioners had applied to him for an injunction, and that he "had refused to entertain the motion on the ground of interest, being disqualified under the statute." The petition does not show that the judge was interested, nor does the judge certify or admit that he was interested or disqualified, nor does it appear that the judge had refused to entertain the motion on that ground, except as it is so recited in the petition.

We should not be disposed to enter upon this criticism, except as the matter is affected by another circumstance, to-wit: the statement in the petition that an application had been made to the judge of the Second Circuit to grant an injunction, which application he had refused to grant for the reasons stated in the petition. The clerk, as we have seen, was directed to transmit *all* the papers in the cause to the clerk of Columbia Circuit Court, and it is stated in a certificate of the clerk among the files in the case, and was admitted in the argument, that he had not so forwarded the

papers, but that one of the complainants had taken all the papers in the case, giving his receipt for the same, and that afterwards he had received by express a petition and order of transfer, which he filed and sent copies thereof to one of said complainants, and that the papers had not been returned to the clerk's office. We have no means of knowing, therefore, that *all the papers* which had been filed in the Leon clerk's office are copied into the record before us, which record is certified to us by the clerk of the Duval Circuit Court. It is probable that the evidence of the refusal of the judge to grant an injunction has been mislaid. It is apparent that the papers had not been kept together, as we notice that the exhibits referred to as constituting a part of the bill of complaint, an affidavit of one of the complainants, and the certified copy of the order of transfer, were not filed with the bill in the Duval clerk's office until three days after the allowance of the injunction and appointment of the receiver, and four days after the filing of the bill. As we have thus no means of ascertaining from the record whether the judge refused to act for the reasons alleged in the petition, we are obliged to resort to a presumption of the fact, in order to sustain the order of transfer, and to conclude that it did not find its way to the Duval clerk's office with the other papers in the case.

If it were proper to presume the existence of jurisdictional facts, we should conclude that some evidence of the action of the judge in refusing to grant the injunction was somewhere in existence. But if there was no such order, suggestion, admission, or other tangible evidence of the alleged interest of the judge, we must hold that the record, which ought to show everything necessary to sustain the jurisdiction, did not show affirmatively (as we think it should) that the judge was disqualified, and therefore authorized to order the transfer to be made. But we do not think it necessary to determine as to the regularity of the proceedings which were had in the Fourth Circuit upon this ground. It is noticed

for the purpose of calling attention to the irregularity, and in order that it may be rectified.

Assuming, then, that the order of transfer was regular, it was the duty of the clerk of the Circuit Court of Leon county, "provided the party applying for the transfer first pay all costs," to transmit all the papers to the clerk of the Circuit Court of Columbia county, with a certificate of the order of transfer. The mode of transmitting the papers is not specified. It was suggested that it was not proper to send them by a party to the suit. We do not see, however, why a party interested in the safe conveyance of the papers may not be entrusted with them for that purpose, or how any injury could accrue thereby to the other party in a case like the present.

It is contended that the jurisdiction of the cause remains in the Circuit Court of Leon county, because the clerk has never transmitted the papers to the clerk of Columbia county pursuant to the order. On the other hand, it is insisted that, when the order was made and filed the jurisdiction of the judge granting the order ceased, except for the purpose of enforcing obedience to it.

We think the jurisdiction of the *judge over the cause* ceases whenever it appears, or whenever the fact exists, that he is interested in it and that he can "entertain no motion in the cause (other than to have it tried by a competent tribunal,") and the Legislature has declared that all orders, decrees and judgments made or entered by such judge, except as stated, shall be null and void. Laws of 1862, p. 13.

When the disqualified judge orders the cause to be "removed," the cause still remains pending in the same county until the removal is *effected*. The law directs the clerk to transmit the record and papers upon condition that the costs be first paid; and this contemplates that the record remains *in statu quo* until the condition is complied with.

Again, the latter clause of section 1 of the act of 1850, heretofore quoted, says: "But if the judge of the nearest

circuit be also disqualified, some other circuit shall be selected." If the papers be transmitted to a circuit in which the judge is also interested, the latter judge cannot take jurisdiction, and he can only direct the return of the papers in order that "some other circuit shall be selected." We are clear that this is the proper interpretation, and it follows that the jurisdiction does not depart from the *court* in which the suit was commenced until the cause is "removed" *to* some circuit in which the judge is qualified to try it.

It also follows that the court named in the order of transfer cannot take jurisdiction and hear, try and determine a cause until the removal is effected, and this does not occur until "the cause," to-wit: the record, pleadings and papers, find a lodgment in the proper clerk's office in the proper circuit. The theory that the jurisdiction of a cause always exists somewhere, and is never in abeyance, is certainly correct, and yet the jurisdiction of the Circuit Court over a cause may be perfect, while the power of the parties and of the judge may be in abeyance by reason of the disqualification of the judge, until the proper steps are effectively taken and the cause removed *to* some circuit whereof the judge is qualified to hear it.

The judge cannot know that a cause is pending in any county in his circuit except by the evidence of the clerk's endorsement upon the papers. Judgments and decrees can never be entered until after the filing of the pleadings with the clerk. We know of no mode of ascertaining whether a suit is pending anywhere, except by inspecting the records or papers in the proper clerk's office. In the pursuit of such an inquiry, if we find no papers or record in the office showing the existence of a suit, and the clerk informs us that he knows of no such cause, it would be idle to tell us that a suit is *pending* in that county. In a case like the present, how is the judge to know that a cause has been removed to his circuit, unless the certificate of the order of transfer appears in the record? and how can he know that such an

Swepson et al. vs. Call and Baker—Opinion of Court.

order has been made unless he finds it in the proper office? The order of transfer directs, and the law requires, that all the papers be transmitted "*to the clerk* of the court to which said cause may be ordered to be transferred, together with a certificate of the order of transfer." It seems to us that the law requires that the papers be delivered into the possession of the clerk before the case is "transferred to" the proper court. If a party petition for a transfer of a cause and procure the entry of the proper order, and then neglect or refuse to "pay all costs" as required by the law referred to, thus suspending all proceedings in that court, the clerk cannot be compelled to transmit the papers. Can it be said, in such case, that any other court has become possessed of the cause, with the power to hear and determine it? or that, even if the costs have been paid, the court to which it may have been ordered to be sent has any power to compel the clerk to transmit the papers or to control the papers or records which have never been so transmitted to its custody? The law in the case points out certain steps to be taken in order to effect a change of the jurisdiction from one circuit to another. Without the statute, there would be no power which the law could recognize to transfer the jurisdiction and confer it upon another court, and until the law is complied with in all essential particulars, the jurisdiction is not affected. We are, therefore, unable to conclude that this cause has been "removed to" the Circuit Court of Columbia county, or that the judge of the Third Circuit has had any control over the cause, and that the cause is yet properly pending in the Leon Circuit Court. If the pre-requisites entitling the party to a removal are not complied with, the judge of the Second Circuit may, on the proper application, revoke the order already made, and make another order to remove the cause to a proper circuit.

This conclusion is not in conflict with the decision in the case of Ammons vs. The State, 9 Fla., 530, that case depending upon another and different statute.

But whether the cause was pending in the Second or in the Third Circuit, had the judge of the Fourth Circuit any power or authority to entertain any application and make any order in the cause under the act of January 24, 1851 ? The appellants contend that he had not, and this involves the inquiry, whether that act is in force under the constitution of 1868, or is abrogated by it ?

The fourth section of the act before quoted provides that " whenever the judge of a Circuit Court shall be unable, from absence, sickness, or other cause, or shall be disqualified from interest, or any other cause, to discharge any duty whatever pertaining to his office which may be required to be performed *in vacation*, it shall be the duty of any other circuit judge, on the application of any party, to perform such duties," &c.

The constitution, article vi., section 7, provides for the appointment of a judge for each circuit, who shall hold terms in each county in his circuit, and upon the order of the Chief Justice, may hold *terms* in any other circuit. Section 8 provides that the Circuit Courts in the several circuits shall have original jurisdiction in cases in equity, and the judges thereof shall have power to issue all writs necessary to the complete exercise of their jurisdiction.

It is urged, with much force and plausibility, that under the constitution the circuit judges can do no act when out of their own circuits, or exercise any judicial power affecting causes pending in another circuit, except under the order of the Chief Justice. We must hold, however, that the provisions of the constitution should not be so construed as to prevent the furtherance of justice. Because the constitution does not provide for a change of venue, but does provide for the trial of causes in which a judge may be interested by a transfer of one judge to the circuit of another judge, it does not follow that the Legislature is powerless to provide for the transfer of suits from one circuit to another for special cause. The constitution requires that an order of

the Chief Justice shall be necessary to enable a judge to hold a *term* of court for another judge, referring to the terms of court as appointed by law. The law of 1852, chapter 521, section 6, requires the judges to hear and decide cases pending in equity, whenever they are in a condition to be tried, whether in vacation or in term time, and the rules of practice in suits in equity declare that the Circuit Courts, as courts of equity, shall be deemed *always open* for all purposes preparatory to the hearing of all causes.

It may frequently happen that circuit judges may be incapacitated for attending to business by reason of absence or illness, or other cause, and every lawyer knows that there are emergencies in which a brief delay may be disastrous to the interests of their clients, as when a writ of injunction is necessary to prevent the destruction or injury of property, or its fraudulent transfer, or its removal, or where a writ of *ne exeat* may be imperatively necessary, and the like cases. To require that an order be first obtained from the Chief Justice, or that parties should be subjected to the delay necessary to effect a change of venue, would in many cases result in the absolute defeat of justice, and the destruction of the fortunes and the cherished rights of innocent persons. Such a construction cannot be tolerated in the absence of an express provision forbidding the exercise of the necessary power by the judicial authorities.

The act of the judge of the Fourth Circuit in granting an order in a case pending in another circuit under the law referred to, in the case of the legal or physical incapacity of the judge of the latter circuit, is intended and expressly declared to be the act *pro hac vice* of the judge in whose stead he officiates. But it by no means follows that the law contemplates that the cause is transferred by such an emergency to the circuit of the judge who grants an order under the circumstances mentioned. The order so made is to be considered as the order of the court or judge having jurisdiction in the first instance, and the papers should be filed

and the order entered of record in the office of the clerk of the court in which the cause was pending when the emergency occurred.

We hold, therefore, that the judge of the Fourth Circuit could, in a proper case, make orders in an equity suit pending in another circuit, and this brings us to the question whether his orders granting an injunction and appointing a receiver in the present case were authorized and regular under the law and the rules of practice.

The petition addressed to the judge of the Fourth Circuit, asking him to take cognizance of the case, alleges that the cause had been transferred to Columbia county, Third Circuit; but the record and papers did not show that the transfer had been completed, and he should, therefore, have declined to act, the application to him being based upon the absence from the State of the judge of the Third Circuit, who had as yet not obtained jurisdiction of the cause.

But we find, on perusing the bill of complaint, that many of its essential allegations, and particularly those which are relied upon to show the necessity for an injunction, are stated upon the information and belief of the complainants, and as to some of the allegations, it is stated that the facts are unknown to them, and they pray a discovery. There are no proofs, by deposition, affidavit, or otherwise, of the truth of these facts, beyond the ordinary jurat annexed to the bill. Chapter 1098, Laws of 1860, section 1, provides " that in all suits in equity in this State, when summary process by injunction or otherwise shall be prayed, and the bill justifies such process, and affidavit shall be made of the truth of the statements of the bill, and that the complainant is unable to give bond of indemnity or other security, the chancellor shall receive *ex parte* evidence of the truth of the statements of the bill *and of the accompanying affidavit*, and if they shall appear to be true, shall grant such process without requiring security."

Here we find no accompanying affidavit or other *ex parte*

proof of any facts.   The complainants submitted an affidavit that " they are unable to give a bond for a sufficient amount *to cover the value of the property in litigation* in this suit, or for the amount of receipts and earnings of the Pensacola and Georgia, and St. Marks, and Florida, Atlantic and Gulf Central Railroad Companies," and this is the only affidavit or proof submitted, as appears in the record.   It does not comply with the law above quoted, nor does it appear what security was required by the judge, or that he required any security.   His order in the matter endorsed upon the bill simply says : " Let injunction issue as prayed ;" signed " A. A. Knight, Judge Fourth Judicial Circuit."

It is very clear that the granting of an injunction upon this bill, without any accompanying affidavit or proof, and without exacting security, and without such an affidavit of inability to give " bond of indemnity or other security," was not warranted by law.   " In summary proceedings, where a court exercises an extraordinary power under a special statute prescribing its course, we think that course ought to be exactly observed, and those facts especially which give jurisdiction ought to appear, in order to show that its proceedings are *coram judice*, otherwise the proceedings are not merely voidable, but absolutely void."   Thatcher vs. Powell, 6 Wheat., 119.

This authority is but an enunciation of a well settled rule in judicial proceedings, and it is quite applicable to a part of the case already considered.

It is insisted by the appellants that notice of the applications for an injunction and the appointment of a reciver should have been given, and that it is required by the rules of the court of chancery.   This is undoubtedly the general rule, but we cannot say that emergencies may not exist which will warrant the exercise of the power without notice. Yet looking at this record, it is discovered that the bill was filed in Leon county on the 11th of August, the order of transfer was made on the 27th August, and the application

to Judge Knight for his action was made on the 21st of September. From this long delay of the complainants, it is not inferred that the emergency was so pressing as to require the appointment of a receiver and the allowance of an injunction without an attempt to serve notice upon some of the several defendants residing within the county and city where the Judge resided, and where he granted the applications as appears in the record, and before a subpœna had been served upon any of the defendants.

It is deemed unnecessary in the present aspect of this case to consider the merits of the bill upon this appeal, in view of the conclusions already arrived at. The appeal is from the order and decree of the Judge of the Fourth Circuit, and these orders having been entered of record and the papers filed in the circuit court of Duval county in that circuit, the injunction having been issued by the Clerk of Duval, the receiver's bond filed also in his office, the amended bill entitled as of that court, and the complainants' petition to Judge Knight being also entitled of the Circuit Court of Duval county. It is deemed that the suit commenced in Leon county has never been transferred by the order of the judge of that court or of any other judge, or by operation of law, to Duval county, or any other county in his circuit, and is not properly pending there.

The law and practice in courts of chancery are so well known, that it may be improper to consider and decide in advance of the future action of the proper circuit court, (where the case may be presented on a different state of pleadings,) upon the merits of the bill as it now stands, nor would any opinion thereon affect the proceedings of the court from which this appeal was taken.

It is thereupon ordered and decreed, that all and every of the orders and decrees of the Circuit Judge of the Fourth Judicial Circuit, entered in the office of the Clerk of the Circuit Court for Duval county, in this cause, be and the same are hereby reversed and set aside, and the Judge of

the said Circuit Court is directed to cause all the papers filed in that court, which were originally filed in the office of the Clerk of the Circuit Court of Leon county, to be forwarded and returned to the Clerk of the Circuit Court for Leon county, including the certified copy of the order of transfer made by the Judge of the Second Circuit.