THE STATE OF FLORIDA EX REL. THE FLORIDA PUBLISHING COMPANY, RELATOR, VS. W. A. HOCKER, JUDGE OF THE FIFTH JUDICIAL CIRCUIT OF FLORIDA, RESPONDENT.

1. Under our Constitution and statutes it is not an exercise of extra territorial jurisdiction for a judge of one circuit to hear and determine, in accordance with Section 1078 of the Revised Statutes of Florida, a demurrer in a common law case pending in another circuit, but in which the judge of such other circuit is unable or disqualified to act.

2. The act of a judge of one circuit in making such an order as may be made in vacation or between terms, in a cause pending in another circuit, but in which the judge of said circuit is legally or physically incapacitated to act, is not a transfer of the case from the circuit in which it is pending to the circuit of the judge who makes the order.

3. Section 1078 of the Revised Statutes of Florida is not in conflict with the State Constitution of 1885. Because the Constitution points out several modes of obtaining a trial in common law cases, which are usually had in term, it does not follow that the Legislature is prohibited from conferring jurisdiction for the disposition of matters pending before a disqualified judge which can be disposed of in vacation or between terms. The Constitution and the statute are entirely consistent with each other.

This is a case of original jurisdiction—Prohibition.

The facts of the case are stated in the opinion of the court.

*A. W. Cockrell & Son*, for Relator.

*Chas. S. Adams*, for Respondent.

LIDDON, J. :

The relator in its petition alleges, in substance, that a suit at common law had been begun against it by one James Irving Crabbe in the Circuit Court of the Fourth Judicial Circuit, in and for the county of Duval; that in said suit the relator has filed a demurrer to an amended declaration, which is now pending; that the Hon. R. M. Call, judge of said court, has certified his disqualification to hear said cause, by reason of having been of counsel for the plaintiff; that notice has been served upon the relator that a hearing of said demurrer will be had before the respondent, judge of the Fifth Judicial Circuit of Florida; that the respondent has informed the relator that he will take jurisdiction of

said cause and hear and determine said demurrer ; that said hearing, if had, will be against the consent and protest of the relator. The petition alleges that said respondent has no judicial power in the premises, and prays for a rule against him as judge to show cause why a writ of prohibition should not issue against him, to prohibit him from exercising jurisdiction in said cause, either *pro hac vice* to determine said demurrer, or in any other matter therein. Upon this petition a rule issued. The respondent has demurred to this rule. Briefly stated, the grounds of demurrer are, that no reason is shown in the petition why the respondent should not proceed to adjudicate and determine the demurrer in the case of Crabbe against the relator, and that it is his duty so to do under Section 1078 of the Revised Statutes of the State of Florida. The section of the law in question is as follows : "Whenever the judge of any court, other than the Supreme and Criminal Courts of Record, shall be unable from absence, sickness or other cause, or shall be disqualified from interest or any other cause · to discharge any duty whatever appertaining to his office, which may be required to be performed in vacation or between terms, it shall be the duty any other judge of a court of the same jurisdiction as the court in which the case is pending, on the application of any party, to perform such duties, and hear and determine all such matters as may be submitted to him ; and such judge may discharge such duties either in his own or any other jurisdiction, and shall be substituted in all respects in the place and stead, in the matter aforesaid, of the judge unable or disqualified to act." The language of this section is certainly broad enough to authorize Judge Hocker to hear and determine the demurrer in question. Such

a hearing is a duty "required to be performed in vacation or between terms." It is contended, however, that the statute is unconstitutional, because it attempts to confer upon Circuit Judges extra-territorial jurisdiction in common law cases, and to transfer such cases from one judicial circuit to another, at the instance of one party and without the consent of the other party. The only question for consideration is the constitutionality of the section of the Revised Statutes above set forth. We do not think that the determination of this demurrer by Judge Hocker, in accordance with the statute, would be the exercise of extra-territorial jurisdiction. It is certainly not such extra-territorial jurisdiction as was contemplated by this court in the case of State vs. Jacksonville, Pensacola and Mobile R. R. Co., 15 Fla., 201. The extra-territorial jurisdiction meant in that case is, where a court by virtue of a proceeding pending in its own territorial jurisdiction seeks to take possession and control of property situated beyond its territorial limits. The Circuit Court in the case referred to appointed a receiver for a railroad situated partly within and partly without its territorial jurisdiction. This court in disposing of the case says (text, page 284 *et seq.*): "It is a general principle of the common law that no writ or process can run or be executed beyond the territorial jurisdiction of the court out of which it issues ; and independent of legislation, there can be no doubt that the Circuit Court of one circuit can not through its receiver take possession of property in another circuit. There is no such legislation in this State, and we doubt very much whether such legislation would not be in conflict with the Constitution, but that question is not here involved." The section of the Revised Statutes above quoted did not first be-

come a part of our law by the adoption of the Revised Statutes. The main features of the section have been upon our statute book since 1851 (Sec. 4, Chapter 375, Laws of Florida, McClellan's Digest, Sec. 27, p. 337). The only change made by the Revised Statutes is to make the act more applicable to our present judicial system, and to extend to other tribunals than the Circuit Court. This statute was therefore in force, and had been a part of the statutory law of the State, and had been construed by this court, for years before the decision in 15 Fla. (*supra*), that there was no statute in the State conferring extra-territorial jurisdiction upon the Circuit Courts. It follows as a necessary consequence of this decision, that this court did not construe the statute in question as conferring such extra-territorial jurisdiction. Not only by necessary implication, but by actual, positive adjudication, this court has determined the act to be free from constitutional objection. The same objection that is now made to the act was made under the Constitution of 1868, in the case of Swepson vs. Call, 13 Fla., 337. Speaking upon this subject (text, page 356) this court said: "It is urged, with much force and plausibility, that under the Constitution the Circuit Judges can do no act when out of their own circuits, or exercise any judicial power affecting causes pending in another circuit, except under the order of the Chief Justice. We must hold, however, that the provisions of the Constitution should not be so construed as to prevent the furtherance of justice." True this case was decided under the Constitution of 1868. Without entering into argument or demonstration, we will only say that the Constitution of 1885, with the exception of Section 12 of Article V, contains no new or different features as applicable to the present question affecting

24 SUPREME COURT.

State of Florida ex rel. v. Hocker, Circuit Judge.—Opinion of Court.

the jurisdiction of Circuit Courts. This section, upon which great reliance is placed by the relator, is as follows : " The Circuit Courts and Circuit Judges may have such extra-territorial jurisdiction in chancery cases as may be prescribed by law." This section does not affect the exercise of such jurisdiction as that proposed to be exercised by Judge Hocker, for the reason, as we have said, that such jurisdiction is not extra-territorial. Therefore it is useless to consider the argument made by the relator, that this section is, upon the doctrine of *expressio unius est exclusio alterius*, a limitation upon the power of the Legislature to confer extra-territorial jurisdiction upon the Circuit Court sitting as courts of law. That question is not involved in the present case.

It is further, somewhat inconsistently, argued that the proposed action of Judge Hocker in hearing the demurrer mentioned would be a practical transfer of the case from the Fourth Circuit, where it is pending, to the Fifth Circuit, at the instance of one of the parties, and against the consent of the other party. This position can not be sustained. The cause is not transferred ; it still remains pending in Duval county, in the Fourth Circuit. The point was expressly determined in the case of Swepson vs. Call, *supra*. Speaking upon it, the court says (text, pages 357, 358): "The act of the judge of the Fourth Circuit in granting an order in a case pending in another circuit under the law referred to, in the case of the legal or physical incapacity of the judge of the latter circuit, is intended and expressly declared to be the act *pro hac vice* of the judge in whose stead he officiates. But it by no means follows that the law contemplates that the cause is transferred by such an emergency to the circuit of the judge who grants an order under the circumstances

mentioned.   The order so made is to be considered as
the order of the court or judge having jurisdiction in
the first instance, and the papers should be filed and
the order entered of record in the office of the clerk
of the court in which the cause was pending when the
emergency occurred.''

It is also contended that, as Section 19 of Article V,
of the Constitution of 1885, provides several methods
of obtaining a trial of cases in which a judge is dis-
qualified, that such specific provision excludes a trial
in any other manner than that pointed out by said sec-
tion, or by Section 8 of said article, providing for an
exchange of circuits by circuit judges, under the order
of the Governor.   This Section 19 provides that when
a case is called for trial the parties may agree upon a
judge *ad litem*.   It also provides that the parties may
have the case transferred to another circuit, or sub-
mitted to a referee.   Jurisdiction of the courts is an
appropriate subject of legislation in all cases when
not restrained by constitutional inhibition.   Thebaut
vs. Canova, 11 Fla., 143, text 162.   Because the Con-
stitution points out several modes of obtaining a trial
in common law cases, which are usually had in term,
it does not follow that the Legislature is prohibited
from conferring jurisdiction for the disposition of
matters pending before a disqualified judge, which can
be disposed of in vacation or between terms.   The ob-
ject of the sections of the Constitution referred to was
not to prevent or delay trials in cases in which judges
were disqualified, but to cause such trials to be had
speedily, and that vexatious delays be prevented.
The statute complained of is in furtherance of the
same object.   The Constitution and the act are en-
tirely consistent with each other.   It does not follow
that an act is unconstitutional solely because it gives

an additional remedy to those expressly provided in the Constitution.

The Constitution of Florida of 1866 provided for the exchange of circuits by circuit judges, or the holding of terms of court by one judge for another, but made no provision for the transfer of cases in which a judge was disqualified to another circuit. In the case of Thebaut vs. Canova, 11 Fla., 143, text 162, a contention was made similar to that in the present case, that an act of the Legislature providing for a transfer of such cases to another circuit was in conflict with the Constitution, and invalid. But the court held otherwise, and determined that the act, so far from being in conflict with the Constitution, was in aid thereof, and remains in full force and effect. The statute now under consideration was a statute of many years' standing before the Constitution of 1885. The convention which framed that Constitution found it a valid subsisting act, and have left it such. Since the adoption of that Constitution it has again received the approbation of the legislative department of the State government, and is incorporated into the Revised Statutes of the State. It is a statute of great practical usefulness in the administration of public justice, and is not, in the matters alleged, in conflict with the State Constitution.

In our deliberations upon this case we have considered the case of State *ex rel.* Hughes vs. Walker, 25 Fla., 561, 6 South. 169, cited by relator's counsel. That case only determined that a section of the act of 1851, but not the section at present under consideration, was modified by the Constitution of 1885. The section under consideration in that case provided for the transfer of cases in which the circuit judge was disqualified, and gave the right to either party to obtain such transfer, upon filing proper petition and

Celeste F. Crawford v. G. W. Tiedeman & Bro.—Opinion of Court.

otherwise complying with the provisions of the statute. The Constitution of 1885 provided that under the same circumstances the parties may transfer the cause to another circuit. The language of the Constitution was held, in the respect stated, to modify the act of 1851, and that no transfer of a cause could be had except by the consent of all of the parties to a cause. This case, however, not being one of transfer, the decision in 25 Fla. has no application to it.

The demurrer to the rule *ni si* is sustained, and the rule is discharged.