180 So.2d 208 (1965)
Ralph D. SPALDING, Appellant,
v.
Saul T. VON ZAMFT and Oliver W. Folmar, jointly and individually, Appellees.
No. 65-414.
District Court of Appeal of Florida. Third District.
November 16, 1965.
Rehearing Denied December 7, 1965.
*209 Taylor, Brion, Buker, Hames & Greene and Robert J. Paterno, Miami, for appellant.
Leonard H. Rubin, Miami, for appellees.
Before CARROLL, BARKDULL and SWANN, JJ.
SWANN, Judge.
This is an interlocutory appeal by the defendant, Ralph D. Spalding, from an order granting a motion to transfer the cause for improper venue, upon the condition that defendant first make himself available for oral deposition in Miami, Florida.
The plaintiffs, Saul T. Von Zamft and Oliver W. Folmar, brought suit in the Civil Court of Record in Dade County, Florida, against the defendant on a promissory note. The defendant filed a motion to dismiss and quash for failure to state a cause of action and improper venue, but the record does not reflect that there was a hearing on the motion.
The plaintiff then served the defendant with a notice of the taking of his deposition in Miami, Florida. The defendant, who resides in Key West, Florida, was unable to travel to Miami for the deposition, due to injuries. The attorneys for the parties thereupon entered into and filed the following stipulation:
"Defendant's attorney being advised that defendant, RALPH D. SPALDING, has sustained a recent injury as a result of a fall and upon notifying attorney for the above-named plaintiffs, it is hereby stipulated for the above-named parties that:
"1. The deposition of RALPH D. SPALDING previously scheduled for March 16, 1965, at Miami, Florida, is hereby cancelled.
"2. That the defendant will notify plaintiffs when he will be available for the taking of his deposition.
"3. Defendant will file his answer in the above cause within fifteen (15) days from the date of this stipulation."
* * * * * *
The defendant then filed his answer, asserting as an affirmative defense, the lack of proper venue. After filing the answer, the defendant moved for dismissal or transfer of the cause to the Circuit Court in and for Monroe County, Florida. In support of the motion, he filed three affidavits, affirmatively alleging that the defendant is a resident of Key West and that the notes sued upon in the trial court were made and executed in Monroe County, Florida. After the hearing, the trial court entered an order transferring the cause to Monroe County, conditioned upon the defendant submitting himself in Miami for the taking of his oral deposition. This appeal is from that order.
The defendant contends that the trial court was under a mandatory obligation to immediately dismiss or transfer the cause to Monroe County, where the question of the appearance of the defendant for deposition, under the terms of the stipulation, could be decided.
The plaintiffs contend that the trial court was correct in enforcing the stipulation and requiring the defendant to submit himself in Miami, Florida, for the taking of his oral deposition, and deferring the transfer of the cause until the completion of his deposition.
Rule 1.5(d), Florida Rules of Civil Procedure, 30 F.S.A. provides:
"Stipulations. No private agreement or consent between parties or their attorneys in respect to the proceedings in a cause shall be of any force before the court, unless the evidence thereof shall be in writing, subscribed by the party *210 or his attorney, against whom it is alleged; provided, however, that parole agreements may be made before the court, if promptly made a part of the record, or incorporated in the stenographic notes of the proceedings."
The pertinent part of the stipulation in this cause simply cancelled a deposition scheduled at Miami, Florida, and required the defendant to notify the plaintiffs when he would be ready for the taking of his deposition. It did not specify or name the place or location at which any subsequent deposition might be taken. There was no "clear intent" of the parties shown that required the defendant to submit himself for deposition in Miami.
The trial court properly recognized that proper venue in this cause was in Monroe County. The question of venue is not related to the question of the interpretation of the stipulation.
Having determined that venue was in Monroe County, the court should have granted the motion to transfer the cause and left the issue regarding the place of the deposition, under the terms of the stipulation, to be decided by the courts in Monroe County, Florida. Reed Const. Corp. v. State Road Dept., Fla.App. 1964, 165 So.2d 816; Greyhound Corporation v. Rosart, Fla.App. 1960, 124 So.2d 708. The granting or refusal of an application for a change of venue is a matter placed by the statute within the judicial discretion of the court, and while the exercise of such discretion is the subject of review by the appellate court, it will not interfere unless there is a palpable abuse or grossly improvident exercise of the discretion imposed. Williams v. Dickenson, 1891, 28 Fla. 90, 9 So. 847.
No abuse of discretion having been shown, the order granting the motion to transfer to Monroe County, Florida, is therefore affirmed, and the requirement that the defendant submit himself for deposition in Miami, Florida is reversed, without prejudice, so that the trial court in Monroe County may determine, if necessary, the time and place for the taking of the defendant's deposition.
It is so ordered.
BARKDULL, J., dissents.