PEARSON, Judge.
The plaintiffs, Edison Cruz, a minor, by and through his mother and next friend, Teodista Cruz and Teodista Cruz, individually ; Luis Ruiz, a minor, by and through his father and next friend, Jaime Ruiz, and Jaime Ruiz, individually; and Jorge Yanes, a minor, by and through his parents and next friend, Aleido Yanes and Catalina Yanes, and Aleido Yanes and Catalina Yanes, individually, have brought this interlocutory appeal from an order granting a motion of the Florida Power & Light Company, the defendant, for a change of venue pursuant to Fla.Stat. § 47.101. The order contains the following finding of fact:
“It is the opinion of this court and the court so finds that the defendant has demonstrated with the requisite degree of proof, by competent and substantial evidence, that it is, with respect to the accident out of which the above-entitled causes arose, so odious to the inhabitants of Dade County that it cannot and will not receive a fair trial of the above-entitled causes in this court in Dade County, Florida.”
The statute under which this change of venue was effected is unusual and appears to have been seldom used. It is as follows :
“47.101 Change of venue; application.—
“(1) If a party desires a change of venue he may move therefor stating that he believes he will not receive a fair trial in the court where the action is pending:
“(a) Because the adverse party has an undue influence over the minds of the inhabitants of the county.
“(b) Because movant is so odious to the inhabitants of the county that he could not receive a fair trial.
“(2) Such motion shall be verified and filed not less than ten days after the *926 action is at issue unless good cause is shown for failure to so file. It shall set forth the facts on which the motion is based and be supported by affidavits of at least two reputable citizens of the county not of kin to the defendant or his attorney.”
The proceedings before the trial judge were regular and undertaken at the time specified in the statute. The evidence before the trial judge was extensive and included a detailed reconstruction of area television, radio and newspaper coverage of the incident which was the subject matter of the personal injury claims. In addition, the trial court heard expert testimony from a psychiatrist and two attorneys practicing before that court.
We have previously relied upon the opinion of the Supreme Court of Florida in Williams v. Dickenson, 28 Fla. 90, 9 So. 847 (1891), for a statement of the test for reversal of a trial court upon its decision as to venue. See Spalding v. Von Zamft, Fla.App.1965, 180 So.2d 208, where we stated:
“The granting or refusal of an application for a change of venue is a matter placed by the statute within the judicial discretion of the court, and while the exercise of such discretion is the subject of review by the appellant court, it will not interfere unless there is a palpable abuse or grossly improvident exercise of the discretion imposed. Williams v. Dickenson, 1891, 28 Fla. 90, 9 So. 847.” [Emphasis added]
Our review of the evidence before the trial court in the light of the test convinces us that no abuse of discretion has been demonstrated in the present case.
Affirmed.