W. SHARP, Judge,
dissenting.
I respectfully dissent. Before this cause is actually transferred to the Eighth Judicial Circuit from the Fifth Judicial Circuit jurisdiction remains in the transferring court. Orders entered by the transferring judge, until transfer is completed, should be ruled on by the District Court of Appeal governing the transferring court: the Fifth District Court of Appeal in this case.
The record establishes that Judge Yawn, a retired judge, was empowered to try this cause as a circuit judge for the Fifth Judicial Circuit. On July 13, 1989, Judge Yawn dismissed Counts III and IV of a multi-count information filed against six defen *1258 dants (Erber, Constantino, Robson, Velocci, Casagrande and Gould), appellees here. The basis for his dismissal was that the applicable statute of limitations had run on Counts III and IV. The state filed a notice of appeal on July 27 with the Fifth Circuit, challenging those rulings. Fla.R.App.P. 9.140(c)(1)(A).
While the cause was pending here, appel-lees filed motions to dismiss the appeal because on June 28, 1989, Judge Yawn granted appellees’ motion to change venue, which was not opposed by the statewide prosecutor. The court ordered a change of venue from Marion County (in the bailiwick of the Fifth District Court of Appeal) to Alachua County (in the bailiwick of the First District Court of Appeal).
This order is not a part of our record on appeal. It was attached as an exhibit to Casagrande’s and Velocci’s motions to dismiss. The state agrees that such an order was entered, but it points out the record shows that an order of transfer was not transmitted as required by section 47.172, Florida Statutes and Florida Rule of Criminal Procedure 3.240(f), and thus the change of venue was not ever effected. We therefore have jurisdiction to rule both on the motion to dismiss [1] and on the order dismissing the counts in the amended complaint.[2]
Swepson v. Call, 13 Fla. 337 (1869) is ancient, but still controlling precedent. The trial judge sitting in the Second Circuit in Leon County, disqualified himself and entered an order transferring the cause to the Third Judicial Circuit in Columbia County. Evidently that circuit judge also disqualified himself and transferred the cause to the Fourth Judicial Circuit in Du-val County. That court entered an injunction and appointed a receiver.
The supreme court ruled that neither the Third nor the Fourth Judicial Circuits received jurisdiction of the cause because venue was never effectively transferred from the first court.
It also follows that the court named in the order of transfer cannot take the jurisdiction and hear, try and determine a cause until the removal is effected, and this does not occur until ‘the cause,’ to wit: the record, pleadings and papers, find a lodgment in the proper clerk’s office in the proper circuit. The theory that the jurisdiction of a cause always exists somewhere, and is never in abeyance, is certainly correct, and yet the jurisdiction of the Circuit Court over a cause may be perfect, while the power of the parties and of the judge may be in abeyance by reason of the disqualification of the judge, until the proper steps are effectively taken and the cause removed to some circuit whereof the judge is qualified to hear it.
The judge cannot know that a cause is pending in any county in his circuit except by the evidence of the clerk’s endorsement upon the papers. Judgments and decrees can never be entered until after the filing of the pleadings with the clerk. We know of no mode of ascertaining whether a suit is pending anywhere, except by inspecting the records of papers in the proper clerk’s office. In the pursuit of such an inquiry, if we find no papers or record in the office showing the existence of a suit, and the clerk informs us that he knows of no such cause, it would be idle to tell us that a suit is pending in that county. In a case like the present, how is the judge to know that a cause has been removed to his circuit, unless the certificate of the order of transfer appears in the record? and how can he know that such an order has been made unless he finds it in the proper office? The order of transfer directs, and the law requires, that all the papers be transmitted ‘to the clerk of the court, to which said cause may be ordered to be transferred, together with a certificate of the order of transfer.’ It seems to us that the law requires that *1259 the papers be delivered into the possession of the clerk before the case is ‘transferred to’ the proper court. If a party petition for a transfer of a cause and procure the entry of the proper order, and then neglect or refuse to ‘pay all costs’ as required by the law referred to, thus suspending all proceedings in that court, the clerk cannot be compelled to transmit the papers. Can it be said, in such case, that any other court has become possessed of the cause, with the power to hear and determine it? or that, even if the costs have been paid, the court to which it may have been ordered to be sent has any power to compel the clerk to transmit the papers or to control the papers or records which have never been so transmitted to its custody? The law in the case points out certain steps to be taken in order to effect a change of the jurisdiction from one circuit to another. Without the statute, there would be no power which the law could recognize to transfer the jurisdiction and confer it upon another court, and until the law is complied with in all essential particulars, the jurisdiction is not affected. We are, therefore, unable to conclude that this cause has been ‘removed to’ the Circuit Court of Columbia county, or that the judge of the Third Circuit has had any control over the cause, and that the cause is yet properly pending in the Leon Circuit Court. If the pre-requisites entitling the party to a removal are not complied with, the judge of the Second Circuit may, on the proper application, revoke the order already made, and make another order to remove the cause to a proper circuit.
Swepson at 354-355.
The transfer of venue statutes relied upon by the Florida Supreme Court in Swepson have not been substantially changed since 1869. Section 47.172, Florida Statutes, requires the clerk of the court of the transferring court to certify the record and transmit the papers in the cause to the receiving court. Section 47.191 provides no change is effective until costs are paid. Presumably, the judge who enters a transfer of venue order could reconsider and change his ruling until the transfer is actually accomplished by the clerk.
Clearly, the record in this cause still remains in Marion County. There is no transfer documentation from Alachua County and, in fact, Judge Yawn has entered other orders in the cause (a stay of discovery and a continuance of the trial on the remaining counts) since ruling on venue.
In the first case of Raymond, James & Associates v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985), the Third District faced a similar situation and arguments similar to those made by appellees here. A trial judge sitting in the Third District entered an order transferring the case to another circuit court within the Second District’s jurisdiction. The Third District denied the appellee’s motion to dismiss, based on Swepson.
[T]he circuit court’s transfer of venue (although perhaps affecting its right to proceed further in the case) does not affect the appellate court’s right to review the post transfer actions of a circuit court situated within the appellate court’s territorial boundaries.
As in Swepson, the transfer of the cause was not effective at the time the appeal was taken.
In the second case of Raymond, James & Associates v. Wieneke, 479 So.2d 754 (Fla. 3d DCA 1985), the court vacated the court’s order (denial of a motion to compel arbitration) in a non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) on the ground that after entering an order transferring venue, the transferring court should not simultaneously, or thereafter, rule on a motion to dismiss or on any aspect of the merits of the case.
It could also be argued that the state here should have sought a petition for writ of quo warranto or prohibition. See State v. Weinstein, 353 So.2d 1251 (Fla. 3d DCA *1260 1978). However, prior to the actual transfer of venue out of our district court’s bailiwick, the remedy of appeal to this court is available. See The Florida Election Commission v. Smith, 354 So.2d 965 (Fla. 3d DCA 1978); Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81 (Fla. 3d DCA 1975); Spalding v. Von Zamft, 180 So.2d 208 (Fla. 3d DCA 1965). In University Federal Savings and Loan Association of Coral Gables v. Lightbourn, 201 So.2d 568 (Fla. 4th DCA 1967), the transfer of venue had been physically accomplished, although that fact is not clear in Palm Beach County v. Rose, 337 So.2d 985 (Fla. 4th DCA 1976).
The practicalities of the situation in this case illustrate the correctness of the Third District’s position on the jurisdictional issue. Pursuant to Florida Rule of Appellate Procedure 9.140(c)(2) the state has 15 days to appeal the dismissal of counts of an information. But a physical transfer of this case, complete with record and certificates, may take more time than that. Further, how can the state file an appeal in Alachua County before Alachua County has any record or number for the cause? The clerk in Alachua would have no place to file the notice of appeal and no record to transmit to the First District Court of Appeal, as is presently the situation here.
In sum, we should deny the motion to dismiss, and quash the trial judge’s dismissal of the counts being appealed here.

. Raymond, James & Associates v. Wieneke, 479 So.2d 752 (Fla. 3d DCA 1985).

. Raymond, James & Associates v. Wieneke, 479 So.2d 754 (Fla. 3d DCA 1985).