MATHEWS, Justice.
There has been filed a suggestion for writ of prohibition against the Circuit Judge of the Ninth Judicial Circuit.
On the 2nd day of May, 1952, a suit was instituted against the City of Kissimmee by one Joseph Szilagyi for personal injuries due to the alleged negligent operation of a truck owned by the City. The accident happened in Orange County, where the suit was instituted, and the City of Kissimmee is located in Osceola County. The usual affidavit of good faith was filed. The complaint was amended and on the 8th day of October, 1952, the City filed its answer to the amended complaint in which it denied all of the material allegations of the plaintiff, and then incorporated a special defense of contributory negligence.
*224 On the 15th day of April, 1953, the defendant City filed a motion to dismiss on the ground that “the Court has no jurisdiction over this defendant.”
On the 16th day of April, 1953, the Court made an order granting the above mentioned motion, which contained the following:
“It Is Therefore, Ordered and Adjudged, that the above cause be and the same is hereby dismissed without prejudice.”
On the 30th day of April, 1953, the plaintiff filed a motion to set aside the order of dismissal, setting forth the facts as above delineated and in addition thereto, the following :
“3. The City of Kissimmee is deemed to have waived its right of asserting the claim or defense of improper venue.
“4. Osceola County in which the City of Kissimmee is located and Orange County, in which the accident occurred, are in the jurisdiction of the Ninth Judicial Circuit.
“5. Statute 95.24 [F.S.A.] provides that no action shall be brought against a city or village for any negligent or wrongful injury or damage to person or property unless brought within twelve months from the time of the injury or damage and the City of Kissimmee filed a Motion to Dismiss this suit on the ground of lack of jurisdiction two days before the above cause was set for trial.
“6. The matter of the county in which a suit must be filed is not a matter of jurisdiction but it is a matter of venue, and the Common Law rules require that a timely objection shall be made.
“7. Plaintiff contends that the Common Law Rules [30 F.S.A.] provide that the matter of improper venue has been waived in this case by the City of Kissimmee, but in case the Court concludes that improper venue in this case involves jurisdiction of this Court so as to prevent a trial of the issues in Orange County, Florida, then if the Defendant, under Chapter 53 of the Florida Statutes, F.S.A., applies for a change of venue to Osceola County, of which the County Seat is Kissimmee, then the Plaintiff will agree and consent to such change of venue.”
On the 8th day June, 1953, the Court granted the motion of the plaintiff to vacate the order of dismissal and entered the following order:
“Ordered and Adjudged that the above mentioned Order of dismissal be and the same is hereby vacated and *et aside, it being the opinion of the Court that the City of Kissimmee, under Common Law Rule 13(b) failed to make a motion to dismiss on the ground of improper venue and under Sub-paragraph H of said Rule the defendant is deemed to have waived its privilege to be sued in Osceola County, Florida.”
This matter was fully discussed and settled in this State in the case of Williams v. City of Lake City, Fla., 62 So.2d 732, in an opinion by Mr. Justice Drew. In that case suit was brought against the City of Lake City, et ah, in Duval County, Florida. A motion was made within the time allowed by Common Law Rule 13, 30 F.S.A., to dismiss the complaint because of “improper venue.” The lower Court granted the motion and dismissed the complaint as to the City of Lake City. In the case at bar no such motion was made within the time allowed and permitted by Common Law Rule 13.
The suit was instituted on the 2nd day of May, 1952, and the motion to dismiss on the ground of “no jurisdiction over the defendant” was not filed until the 15th day of April, 1953. The accident happened on July 9, 1951. The City waited until the period of more than one year had elapsed after the accident, and long after the time required by Common Law Rule 13, to file its motion to dismiss. The motion was filed too late and under the terms of Common *225 Law Rule 13, sub-paragraph (h), the City of Kissimmee has “waived all defenses and objections”, which it could have raised as to venue,,or jurisdiction over the person, provided for in Common Law Rule 13, sub-paragraph (b).
The suggestion for writ of prohibition be and the same is hereby denied.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.