JOHNSON, Chief Judge.
Appellant brings this interlocutory appeal from an order granting the motion to dismiss filed by the City of Fernandina Beach on the ground of improper venue as to che City of Fernandina Beach.
The complaint alleges a wrongful death action and charges that the City of Fernan-dina Beach was negligently and carelessly operating its bus in the city limits of Jacksonville, Duval County, Florida, at the time of the alleged accident which resulted in the death of Lige Garland. The complaint was filed in the Circuit Court, in and for Duval County, Florida. The City of- *788 Fernandina Beach is located in Nassau County, Florida.
A timely motion to dismiss was filed by the City of Fernandina Beach raising the question of venue. The trial judge granted the motion and appellant brings this interlocutory appeal challenging this ruling.
Both parties agree that Williams v. City of Lake City et al., 62 So.2d 732 (Fla.1953) is the leading case in Florida governing proper venue for actions against municipalities. That case explained the common law rule to be that actions against a municipal corporation must be brought in the county where it is situated unless a statute expressly authorizes suit elsewhere. This privilege of a municipality to be sued in the county of its location has been deemed waived when timely objection has not been made to improper venue. City of Kissimmee v. Patterson, 67 So.2d 223 (Fla.1953). However, this is not the situation in the case at bar as timely objection was filed.
Appellant urges that the common law rule should be modified when a municipal corporation is operating in a proprietary capacity outside its county’s boundaries. No cases have been cited which follow such a proposal.
We find that this case is controlled by the law as stated in Williams v. City of Lake City, supra, and hence the interlocutory appeal is dismissed.
SPECTOR, J., concurs.
WIGGINTON, J., dissents.