309 So.2d 563 (1975)
Joan T. KERN, Appellant,
v.
Jack D. KERN, Appellee.
No. 74-1167.
District Court of Appeal of Florida, Second District.
March 12, 1975.
Charles R. Holley, Naples, for appellant.
J. Blan Taylor, of Taylor & Locker, Naples, for appellee.
BOARDMAN, Judge.
By way of background information, we mention that the instant case had its origin in the Circuit Court of Palm Beach County, one of the counties included in the jurisdiction of the Fourth District Court of Appeal. The appellee/husband had filed suit against appellant/wife seeking a dissolution of the marriage of the parties and other relief. The wife having defaulted, the circuit court heard the case and subsequently entered its order dissolving the marriage and the custody of the six children born of the marriage was awarded to the husband with reasonable rights of visitation to the wife. The wife filed timely appeal and the decision of the circuit court was reversed in Kern v. Kern, Fla.App. 4th, 1974, 291 So.2d 210, cert. den. 294 So.2d 657.
Upon the case being remanded to the Circuit Court in Palm Beach County, the wife, through her attorney, filed a motion to change venue as provided in Section 47.122, Florida Statutes, from Palm Beach County to Collier County. She assigned as grounds therefor, inter alia, that the husband was then residing in Collier County with their children. After hearing, the *564 circuit court entered its order transferring the instant case to Collier County, one of the counties within the jurisdiction of this court. The said order not only transferred the cause as mentioned above, but, also, provided that jurisdiction be retained with respect to the contempt proceeding which was at that time scheduled before the Palm Beach County Circuit Court.
Appellant contends in this interlocutory appeal that the Circuit Court of Palm Beach County did not have the power to reserve jurisdiction for the purpose indicated in the order. We agree. When the case was transferred to Collier County, which was an act within the discretion of the circuit judge, the court in Palm Beach County, we submit, lost jurisdiction of the parties and the subject matter of the cause. See University Federal Savings and Loan Association of Coral Gables v. Lightbourn, Fla.App.4th, 1967, 201 So.2d 568; Spalding v. Von Zamft, Fla.App.3rd, 1965, 180 So.2d 208; and Reed Construction Corp. v. State Road Department, Fla.App.3rd, 1964, 165 So.2d 816.
We recognize that the record shows that while the case was pending before the Fourth District Court of Appeal, the husband had filed a motion for contempt against the wife for her alleged violation of a restraining order that had been entered against her during the pendency of the appeal. The order citing the wife for contempt of the restraining order was entered by the Circuit Court in Palm Beach County four days after the order transferring the case to Collier County was granted.
In view of the established law of our state and in the interest of justice and hopefully to avoid continuous and prolonged litigation, we conclude that the Circuit Court of Palm Beach County was without power under the circumstances to reserve jurisdiction and to enter the contempt order.
Reversed and remanded with directions to the Circuit Court in Collier County to conduct adversary proceedings on matters that may be properly filed before it that are necessary to decide the issue presented in the instant case.
McNULTY, C.J., and HOBSON, J., concur.