332 So.2d 81 (1975)
VEN-FUEL, Appellant,
v.
JACKSONVILLE ELECTRIC AUTHORITY, a Florida Corporation, et al., Appellees.
JACKSONVILLE ELECTRIC AUTHORITY et al., Petitioners,
v.
VEN-FUEL, INC., Respondent.
Nos. 75-543 and 75-678.
District Court of Appeal of Florida, Third District.
July 22, 1975.
Rehearing Denied September 5, 1975.
*82 Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, Fulbright & Jaworski, for Ven-Fuel, Inc.
Harry L. Shorstein and William Lee Allen, Arnold, Stratford & Booth, Jacksonville, for Jacksonville Electric Authority, and others.
Before BARKDULL, C.J., PEARSON, J., and DREW, E. HARRIS (Ret.), Associate Judge.
PEARSON, Judge.
The Jacksonville Electric Authority and certain individual defendants were sued by plaintiff Ven-Fuel, Inc. The suit was brought in the Eleventh Judicial Circuit. Discovery proceedings were begun by the plaintiff. Thereafter, upon a motion of defendant Jacksonville Electric Authority, the trial judge entered an order transferring the cause to the Circuit Court in Duval County, Florida. This interlocutory appeal by Ven-Fuel, Inc., is from that order.
The order of transfer provided that the parties could proceed with the discovery already begun. We must presume that this provision was inserted in the order because the trial court was aware that the order transferring the cause would be appealed. The Jacksonville Electric Authority has brought a petition for certiorari to review that portion of the order allowing the continuation of discovery.
We have consolidated the appeal and the petition and have heard oral argument thereon. We first consider the appeal.
The sole basis presented to the trial court for the transfer to the Circuit Court in Duval County was the assertion by the Jacksonville Electric Company that it is a governmental entity entitled to be sued in its home county under the rule stated in Williams v. City of Lake City, Fla. 1953, 62 So.2d 732; City of St. Petersburg v. Earle, Fla.App. 1959, 109 So.2d 388; Amelia Island Mosquito Control District v. Tyson, Fla.App. 1963, 150 So.2d 246; City of Bradenton v. Finley, Fla.App. 1968, 208 So.2d 675; Southern Gulf Utilities v. Mayo, Fla.App. 1969, 239 So.2d 146; Garland v. Railway Express Agency, Inc., Fla.App. 1970, 237 So.2d 787; Ringling Bros.-Barnum & Bailey Combined Shows, Inc. v. State, Fla.App. 1974, 295 So.2d 314, and cases cited therein.
The viability of the rule is not questioned on this appeal. However, Ven-Fuel, Inc., urges that the trial judge erred in finding from the facts presented that the Jacksonville Electric Authority is a government entity entitled to the benefits of the rule. It would be of little purpose for us to review all the facts revealed by the record which support the trial judge's finding that the Jacksonville Electric Authority is a governmental entity entitled to the benefit of the venue rule cited. The most telling fact appears to us to be that the authority is subject to governmental *83 control of its budget and that tax monies may, if necessary, be used in its operation. When the activity is governmentally supervised and the taxpayer is financially interested, the indication is strong that the activity is governmental. We, therefore, affirm the order appealed.
Turning next to the petition for certiorari, we find that the Authority, as petitioner, argues that once a trial judge determines that he must transfer a cause, he then has no jurisdiction to make any other order. In this regard, the Authority relies upon Richard Bertram & Co. v. Barrett, Fla.App. 1963, 155 So.2d 409, and Spalding v. Von Zamft, Fla.App. 1965, 180 So.2d 208, and authorities cited in these opinions.
In a recently decided case, the District Court of Appeal, Second District, has held that a court, by transferring the cause "lost jurisdiction of the parties and the subject matter of the cause." Kern v. Kern, Fla.App. 1975, 309 So.2d 563. We must respectfully decline to follow that holding in this case because, in our view, jurisdiction of the parties and the cause cannot, under our system of law, remain in limbo from the time of the signing of the order of transfer to the effective assumption of jurisdiction by the transferee court. We, therefore, hold as to the subject of discovery begun prior to transfer, that the control of discovery remains with the first court until the file is received and jurisdiction assumed in the second court. See Swepson v. Call, Fla. 1871, 13 Fla. 337.
It is clear that a trial judge may not at the same time transfer a case and rule upon any aspect of the merits of the cause. Nevertheless, a trial judge does not lose jurisdiction of a cause until that jurisdiction is effectively vested in another court. Therefore, his order as to such continuing and procedural matters as discovery is not without jurisdiction.
The order is affirmed and the petition is denied.