BOARDMAN, Acting Chief Judge.
This is an interlocutory appeal from an order entered by the Hillsborough County Circuit Court setting aside its prior order transferring venue to the Martin County Circuit Court and directing that all future proceedings in the case be conducted in the Hillsborough court.
The trial judge found that appellant/defendant had not satisfied the requirements of Section 47.191, Florida Statutes, because he failed to pay the costs which had accrued in the Hillsborough County action and that thereby the order transferring venue was ineffective.
The suit was originally filed in Hills-borough County. The appellant filed a motion to abate for improper venue because the suit was not brought in the county where the appellant resided, where the cause of action accrued or where any property in litigation was located. Both parties then stipulated and requested that the action be transferred from Hillsborough County to Martin County. On April 20, 1976, the court entered an order transferring venue to Martin County. The order was silent with respect to the payment of any costs. Acting upon the April 20, 1976 order the clerk for Hillsborough County transferred the files of the action to Martin County as directed, and appellant paid the filing fee in the Martin County court on May 17, 1976.
Section 47.191, Florida Statutes, states that:
No change of venue shall be granted except on condition that the movant shall pay all costs that have accrued in the action. No change is effective until the costs are paid.
Appellee/plaintiff contends that the change in jurisdiction was not effective because appellant did not reimburse him for the amount of the initial filing fee in the Hills-borough County court nor the cost of the sheriff’s service of process on appellant. We do not construe and interpret the statute as requiring the appellant to reimburse the appellee for the cost of the filing fee and service of process before the case could properly be transferred when under the venue statutes the appellant had the privilege of not being sued in Hillsborough County in the first place. In Swepson v. Call, 13 Fla. 337 (1871), relied upon by ap-pellee, the parties required to pay the costs in order to effect a change of venue were seeking the change on grounds of disqualification of the judge and not because they had been sued in the wrong county.
Under the facts presented in this case we hold that jurisdiction had effectively vested in Martin County when the file was forwarded to the clerk of the circuit court in Martin County and appellant’s counsel paid the filing fee. Therefore the Hillsborough County Circuit Court was without jurisdiction to make any further order or take any action in the case. Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81 (Fla.3d DCA 1975). See also Kern v. Kern, 309 So.2d 563 (Fla.2d DCA 1975).
Accordingly we reverse the order appealed and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
GRIMES, J., and GREEN, OLIVER L., Associate Judge, concur.