FRANK D. UPCHURCH, Jr., Judge.
Appellant, Irby Sprouse, Jr., was found guilty by the Circuit Court for Orange County of indirect criminal contempt and sentenced to serve three days in the county jail. He appeals from the judgment and sentence.
Appellant and appellee, Marian M. Sprouse, in a stipulated fact statement declare that appellant had been charged with indirect criminal contempt for violation of a restraining order which provided that he would not harm, harass, molest or annoy appellee during the pendency of dissolution proceedings. On September 10, 1980, the trial judge issued a rule to show cause why appellant should not be held in indirect criminal contempt. On October 8,1980, the dissolution proceeding was transferred from Orange County to Seminole County because proper venue was determined to be there. The trial judge specifically retained jurisdiction to hear the contempt charge.
Appellant objected to the contempt proceeding in Orange County contending that the court lost jurisdiction because the dissolution proceeding had been transferred. We disagree and affirm.
Appellant contends that Kern v. Kern, 309 So.2d 563 (Fla.2d DCA 1975), provides the applicable rule in this case. Kern was also a dissolution case. Mrs. Kern had allegedly violated a restraining order. The Palm Beach Circuit Court, upon motion for change of venue, transferred the case to Collier County specifically retaining jurisdiction to hear the contempt proceeding. The Second District Court of Appeal held that the Palm Beach court lacked the power to reserve jurisdiction for that purpose because of the transfer. While it would seem that Kern is directly in point, we have concluded that it is not. While the facts are not clear in Kern, we believe that it involved civil rather than criminal contempt. The proceeding there was instituted by the husband filing a motion for contempt, the method used for enforcement of the court’s orders by civil contempt. See Florida Rule of Civil Procedure 1.570 and form 1.982. We agree that in such matters, because continuing compliance is the objective, the contempt proceeding should be a part and parcel of the parent litigation.
Criminal contempt is separate and distinct from the case in chief. A criminal contempt, direct or indirect, is an offense against the court itself for which punishment is the penalty. An indirect criminal contempt proceeding is not instituted by motion of a party but by motion of the court or affidavit of any person having knowledge of the facts. The court then issues and signs an order to show cause. Fla.R.Crim.P. 3.840(a)(1).
We conclude therefore that it was altogether proper for the Orange County Circuit Court to hear the indirect criminal contempt.
AFFIRMED.
DAUKSCH, C. J., and COBB, J., concur.