FERGUSON, Judge.
The main issue presented by this appeal is whether a housing authority created by a municipal government pursuant to chapter 421, Florida Statutes (1985) is a governmental entity for purposes of the home venue privilege.
Appellee Carousel Development, Inc., which has its principal place of business in Palm Beach County, entered into a contract with appellant Boca Raton Housing Authority, a public corporation created by the City of Boca Raton which is in Palm Beach County, to construct a low rent housing project. Carousel subsequently filed suit in Dade County against the Authority and its architect, Ted Hoffman, Jr., alleging breach of contract and negligence in the preparation of the contract and supervision of construction. Hoffman’s office is in Dade County.
The trial court denied the Authority’s motion to change venue on a holding that the Boca Raton Housing Authority is neither a municipality nor a governmental entity entitled to the venue privilege.
The home venue rule provides that actions against municipal corporations are inherently local and that, in the absence of statutory provisions to the contrary, venue of such actions is in the county where the municipalities are located. Williams v. City of Lake City, 62 So.2d 732 (Fla.1953).
In Housing Authority of the City of Miami v. Macho, 184 So.2d 916 (Fla. 3d *545 DCA), cert. denied, 188 So.2d 822 (Fla. 1966), we concluded, and apparently it was not disputed, that a housing authority is a public body of a political subdivision of the state. We held there that, under former rule 5.12, Florida Appellate Rules (currently Florida Rule of Appellate Procedure 9.310), the filing of a petition for review by the governmental body operated to stay the execution or performance of a foreclosure decree. Again in Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81 (Fla. 3d DCA 1975), we held, in a lawsuit brought by a vendor, that the Authority was entitled to defend in its home county because it was a governmental entity. We affirmed the trial judge’s conclusion which rested in part on facts showing that the Authority was subject to governmental control of its budget, and was authorized to use tax monies in its operations.
Appellant here makes an even stronger ease for its entitlement to the home venue privilege in that the Authority:
(1) is by statute a “public body corporate and politic exercising the public and essential governmental functions.... ” (§ 421.08, Fla.Stat. (1985));
(2) is empowered to receive and expend funds of the federal government (§ 421.-21);
(3) is given power of eminent domain (§ 421.12);
(4) must comply with chapter 119, the Public Records Act (1977 Op. Att’y Gen. Fla. 077-69 (July 11, 1977));
(5) is subject to “Government In The Sunshine,” section 286.011, in the conduct of its business (1976 Op. Att’y Gen. Fla. 076-102 (May 7, 1976));
(6) enjoys limited sovereign immunity under section 768.28;
(7) may participate in a governmental retirement system for the benefit of its employees (See 1955 Op. Att’y Gen. Fla. 055-245 (Sept. 23, 1955)); and,
(8) is exempt from taxation and special assessments by the state and city as against its housing projects (§ 423.02).
On these facts we easily conclude that the Authority is a governmental entity entitled to the home venue privilege.
That determination, however, is not dispositive since the Authority was named as a joint tortfeasor along with its architect Hoffman. The home venue rule set forth in Williams was modified in Board of County Commissioners of Madison County v. Grice, 438 So.2d 392 (Fla.1983), and now permits a trial court in the exercise of its discretion “to dispense with the home venue privilege when a governmental body is sued as a joint tortfeasor.” Id. at 395. In such cases the court’s exercise of discretion is to be guided by considerations of justice, fairness, and convenience. Id.
The trial court apparently did not address the additional considerations required by Grice where a governmental entity is sued as a joint tortfeasor. We accordingly remand for that purpose, recognizing that resolution of the dispute may require consideration of some evidence. See Taylor v. Dasilva, 401 So.2d 1161 (Fla. 3d DCA 1981) (plaintiffs’ showing that its choice of forum was not inconvenient was adequately made by affidavits). As an aside we add that the trial court, in the face of the motion to transfer on grounds of forum non conveniens, was obligated to consider whether it would be convenient and in the interest of justice to try the case in Dade County even if the Authority failed to qualify as a governmental entity. See § 47.122, Fla.Stat. (1985).
Reversed and remanded for further proceedings.