RYDER, Chief Judge.
The lawsuit underlying this petition for the issuance of a writ of certiorari stems from a motorcycle accident within the city limits of North Port. The city was one of several defendants named in respondents’ complaint. North Port moved to dismiss the complaint for failure to state a cause of action, specifically claiming that the city was protected from suit by sovereign immunity. The city also contended that the cause of action did not accrue in Charlotte County. The trial court dismissed the complaint on the basis of improper venue,[1] but denied the motion to dismiss “for failure to state a cause of action.” North Port then filed with this court a petition for the issuance of a writ of certiorari.
We decline to reach North Port’s sovereign immunity argument, including the question whether certiorari is an appropriate remedy for interlocutory review of any determination that the city is not im- *46 muñe. The motion to dismiss on grounds of sovereign immunity is a matter which more properly should be considered after the transfer of the cause to the proper forum. Cf. Straughn v. Grootemaat, 291 So.2d 669 (Fla. 2d DCA 1974). A court cannot transfer venue in a cause and rule on the merits at the same time. Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81 (Fla. 3d DCA 1975).
The petition is, therefore, denied.
SCHOONOVER and SANDERLIN, JJ., concur.

. When improper venue is alleged, transfer of the cause generally is preferable to dismissal. James A. Knowles, Inc. v. Imperial Lumber Co., 238 So.2d 487 (Fla. 2d DCA 1970). Merrill Lynch, Pierce, Fenner and Smith, Inc. v. National Bank of Melbourne and Trust Co., 238 So.2d 665 (Fla. 4th DCA 1970). However, the correctness of the trial court's use of the term “dismissed” is not an issue before us.