ON MOTION TO VACATE STAY

HARRIS, J.
Bolay and Fouts both ran for seat 5 of the Pomona Park Town Council in the April, 1999 municipal election. Fouts won the election but Bolay challenged his qualification to hold the office alleging that although she (Bolay) had obtained the necessary ten signatures to qualify for seat 5, Fouts had not. She alleged that Fouts had obtained the ten signatures to run for seat 4 and had then fraudulently altered his qualifying petition to indicate seat 5. Bolay also challenged whether Fouts met the residency requirements to hold seat 5.
Although the trial court did not rule on the residency issue, it agreed with Bolay that Fouts had not properly qualified to run for seat 5 because the modification of his qualifying petition obscured from the electorate which seat he had chosen to seek. The court thus ousted Fouts from office. Fouts appealed and the City[1] has refused to recognize Bolay as the elected official pursuant to the court’s judgment.
In seeking to enforce her election, Bolay went back to the circuit court. However, based on the provisions of Rule 9.310(b)(2), Florida Rules of Appellate Procedure, the court determined that an automatic stay exists during Fouts’ appeal. Bolay seeks relief from the stay from this court urging that -the automatic stay provision of the rule does not apply when a challenged candidate appeals his ouster. We agree.
We recognize the dilemma inherent in this situation. On the one hand, if Fouts is permitted to retain the seat during the appeal and loses, Bolay will be deprived of an office she is legally entitled to hold. On the other hand, if Fouts is removed from office and ultimately wins the appeal, he will be deprived of an office he is legally entitled to hold. And the City faces an even greater dilemma, regardless of who is seated: Depending on the outcome of the appeal, the city may take official action with an improperly elected city official.
This situation presents no good answer, only a right one. It appears to us that the right answer is to enforce the trial court’s judgment unless and until it is reversed— unless a proper stay is entered. The trial court did not stay its judgment; it merely concluded that it was bound by the automatic stay contained in the appellate rules. Because we find that Fouts did not appeal as a public official in his official capacity seeking to enforce some public right (he appealed merely to establish himself as a public official), we find the automatic stay is inapplicable. We therefore reverse the court’s order enforcing the stay.
ORDER enforcing stay reversed.
W. SHARP, and PETERSON, JJ., concur.

. Although the City was dismissed as a formal party to this action, it agreed to remain bound by the trial court’s decision.