RAMIREZ, C.J.
 

 The State of Florida Department of Transportation, the Trustees of the Internal Improvement Trust Fund, the State of Florida Department of Corrections, and the Florida Department of Highway Safety and Motor Vehicles appeal the trial court’s non-final order denying a motion for change of venue.
 
 [1]
 
 In support of its
 
 *910
 
 motion, the State asserted its home venue privilege. Because the allegations of the City’s amended complaint do not establish waiver or exception to the State’s home venue privilege, we reverse.
 

 The case concerns individuals that have been living under Miami’s Julia Tuttle Causeway Bridge in makeshift dwellings. As a result of these dwellings, the City of Miami filed this action to enjoin and abate an alleged public health nuisance and for alleged violations of the Florida Constitution and the City of Miami Code.
 

 In the first count of its amended complaint for injunctive relief and for abatement of public nuisance, the City alleged that the State had either created, allowed or facilitated the taking up of permanent residence by these individuals, and that due to the lack of electricity or facilities for these residents, several violations of the City of Miami Code, as well as health risks, have resulted. The City also alleged that article II, section 7(a) of the Florida Constitution had been violated.
 

 In the second count, the City alleged that section 37 — 7(c)(1) of the City of Miami Code has been violated by the creation of this community that allegedly includes sexual predators and offenders. This section of the Code prohibits sexual offenders from setting up a permanent residence within 2,500 feet of any school, designated public school bus stop, day care center, park, or playground. The City contends that this “shantytown” is within 2,500 feet of a city park, and seeks a temporary and permanent injunction requiring the relocation of the current residents under the bridge and requiring the State to cease such activities as issuing State identification with the bridge as the residents’ permanent address.
 

 In its motion to change venue, the State requested a transfer of the case to Leon County, the location of the DOT headquarters, in reliance upon its home venue privilege. The City countered the State’s argument by contending that the “sword-wielder” exception to the home venue privilege applied. The City has also relied on an alleged violation of article II, section 7(a) of the Florida Constitution to maintain venue in this case in Miami-Dade County under the sword-wielder exception. That section of the Florida Constitution provides:
 

 It shall be the policy of the state to conserve and protect its natural resources and scenic beauty. Adequate provision shall be made by law for the abatement of air and water pollution and of excessive and unnecessary noise and for the conservation and protection of natural resources.
 

 The State argues that, as a matter of law, the trial court reversibly erred when it concluded that the sword-wielder exception defeated the State’s home venue privilege. The State filed a motion for change of venue asserting its home venue privilege, which provides that “absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters.”
 
 Florida Dep’t of Children & Families v. Sun-Sentinel, Inc.,
 
 865 So.2d 1278, 1286 (Fla.2004).
 

 The issue of whether venue is proper in a particular forum is a question of law which is reviewed de novo.
 
 Dive Bimini, Inc. v. Roberts,
 
 745 So.2d 482, 483-84 (Fla. 1st DCA 1999). The State defendants’ headquarters are located in Tallahassee, Leon County, Florida. Thus,
 
 *911
 
 absent a waiver or exception, venue is proper only in Leon County.
 
 See Florida Dep’t of Children and Families v. Sun-Sentinel, Inc.,
 
 865 So.2d at 1286-87. The City has only argued the application of the sword-wielder exception. As the Florida Supreme Court explained in
 
 Carlile v. Game & Fresh Water Fish Comm’n,
 
 354 So.2d 362, 365 (Fla.1977), the doctrine “applies only in those cases where the official action complained of has in fact been or is being performed in the county wherein the suit is filed, or when the threat of such action in said county is both real and imminent.”
 
 Id.
 
 at 365. Importantly, the Florida Supreme Court made clear that the exception “is limited to those cases wherein the primary purpose is to obtain direct judicial protection from an alleged unlawful invasion of the
 
 constitutional rights
 
 of the plaintiff within the county where the suit is instituted ...”
 
 Id.
 
 (emphasis added).
 

 Moreover, in
 
 Department of Revenue v. First Federal Savings & Loan Association,
 
 256 So.2d 524, 526 (Fla. 2d DCA 1971), the court stated that “if plaintiff is the prime mover in the premises against a passive or dormant state or state agency then venue lies properly in the county wherein the state or the agency maintains its official headquarters.” In other words, a determination must be made regarding whether the State was the initial sword-wielder or “prime mover.”
 
 See also Florida Dep’t of Revenue v. Hardy,
 
 697 So.2d 954, 955 (Fla. 5th DCA 1997).
 

 We disagree with the City of Miami that the sword-wielder exception applies. First, section 7(a) of the Florida Constitution does not vest the City of Miami with a constitutional right of any kind. Second, the City of Miami’s allegations contained in its Amended Complaint do not indicate that the State is enforcing a rule or regulation against the City of Miami that would produce a constitutional violation. The allegations in the Amended Complaint contend that the DOT, as the holder of the right of way easement for the Julia Tuttle Causeway, has taken no action to remove the individuals located under the causeway. As the State points out, the DOT is a passive defendant in the City’s action for injunctive relief and abatement of a nuisance. Likewise, the allegations against the other defendants only establish passive acceptance of the status quo.
 

 We need not reach the State’s argument that the City, as a municipal corporation, had no standing to invoke the sword-wielder exception.
 
 See School Bd. of Osceola Cty. v. State Bd. of Educ.,
 
 903 So.2d 963, 967 (Fla. 5th DCA 2005) (holding that a county school board could not use the sword-wielder exception to defeat the home venue privilege);
 
 Department of Cmty. Affairs v. Holmes County,
 
 668 So.2d 1096, 1102 (Fla. 1st DCA 1996) (“The Plaintiff Counties are not ‘individuals’ within the meaning of that exception [sword-wielder] whose constitutional rights have been directly threatened by the state agency.”).
 

 We therefore conclude that the trial court reversibly erred when it denied the motion to transfer based on the State’s home venue privilege because the City of Miami has not alleged sufficient facts in its amended complaint to invoke the sword-wielder exception.
 

 Reversed and remanded with instructions to transfer the case to the Second Judicial Circuit, in and for Leon County, Florida.
 

 [1]
 

 . We will refer to these parties collectively as the "State,” and the State of Florida Depart
 
 *910
 
 ment of Transportation as "DOT.”