CRENSHAW, Judge.
 

 Citizens Property Insurance Corporation appeals the circuit court’s nonfinal order granting a motion by Admiralty House, Inc., the insured, to compel appraisal. Because a factual dispute exists as to whether the insured complied with the policy’s postloss obligations, we reverse and remand for an evidentiary hearing on that issue. But contrary to Citizens’ argument on appeal, we conclude that the insured did not waive its right to request appraisal because it has maintained a position consistent with the appraisal remedy. Lastly, we conclude that Citizens was entitled to an automatic stay under Florida Rule of Appellate Procedure 9.310(b)(2), because Citizens is a public body seeking to enforce a public right.
 

 Background
 

 In October 2005, the insured filed a claim with Citizens under its insurance policy seeking relief from damage caused by Hurricane Wilma. Citizens twice denied payment, finding that the damage to the property did not exceed the insured’s deductible. In May 2007, the insured submitted an additional claim to Citizens for the hurricane damage repair costs, and Citizens issued a partial payment after applying the deductible.
 

 The insured next retained a public adjuster in April 2008 and demanded appraisal of the remaining damage pursuant to the policy. Citizens reopened the claim and requested that the insured submit a sworn statement in proof of loss and other supporting documentation. The insured then submitted a sworn proof of loss in June 2008 with the amount of loss “to be determined.” Citizens responded with a letter rejecting the statement as incomplete. In May 2009, the insured submitted an additional proof of loss statement claiming a specified amount, but Citizens rejected this statement as untimely under the policy. Citizens also requested that the insured provide an examination under oath, any information or documents in support of the hurricane damages, and an inspection of the insured’s books and records in accordance with the postloss obligations of the insurance policy. Citizens ultimately denied the insured’s claim based on the insured’s failure to comply with its obligations under the policy.
 

 In September 2009, the insured filed a two-count complaint against Citizens for breach of contract and declaratory judgment to determine, among other things, whether the insured had a right to demand appraisal under the policy. In July 2010, the insured filed a motion to compel appraisal and stay action pending appraisal. At the hearing on the motion, counsel for Citizens argued that an evidentiary hearing was required to determine whether the insured complied with its postloss obli
 
 *344
 
 gations such as submitting a timely proof of loss. Without taking evidence, the circuit court entered its order granting the insured’s motion to compel appraisal and stay action pending appraisal.
 

 Postloss obligations
 

 Before a circuit court can compel appraisal under an insurance policy, it must make a preliminary determination as to whether the demand for appraisal is ripe.
 
 Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass’n 12 Inc.,
 
 54 So.3d 578, 581 (Fla. 3d DCA 2011). “Until these [postloss] conditions are met and the insurer has a reasonable opportunity to investigate and adjust the claim, there is no ‘disagreement’ (for purposes of the appraisal provision in the policy) regarding the value of the property or the amount of loss” to be appraised.
 
 Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass’n,
 
 48 So.3d 188, 191 (Fla. 3d DCA 2010).
 

 Here, the policy issued by Citizens provides in pertinent part the following conditions:
 

 4. Your Duties After Loss. In case of a loss to covered property, you must:
 

 [[Image here]]
 

 c. As often as we reasonably require:
 

 (1) Show us the damaged property;
 

 (2) Provide us with records and documents we request and permit us to make copies; and
 

 (3) Submit to examinations under oath while not in the presence of any other named insureds and sign the same.
 

 d. Send to us, within sixty (60) days after our request, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
 

 (1)The time and cause of the loss;
 

 (2) Your interest and that of all others in the Covered Property involved, and all liens on the Covered Property;
 

 (3) Other insurance which may cover the loss;
 

 (4) Changes in title or occupancy of the Covered Property during the term of the policy;
 

 (5) Specifications of damaged buildings and detailed repair estimates;
 

 (6) The inventory of damaged and undamaged personal property described in Condition number 4.b., Your Duties After Loss.
 

 Despite Citizens’ argument that the insured failed to comply with its duties after loss, the circuit court failed to make the preliminary determination as to whether the insured’s demand for appraisal was ripe. We therefore reverse the order compelling appraisal and remand for an evi-dentiary hearing on that issue.
 
 See generally Citizens Prop. Ins. Corp. v. Gutierrez,
 
 59 So.3d 177 (Fla. 3d DCA 2011) (concluding that the trial court erred by prematurely ordering appraisal before determining whether the insureds complied with the policy’s postloss provisions). We note that “[o]nce the trial court determines that a demand for appraisal is ripe, the court has the discretion to control the order in which an appraisal and coverage determinations proceed.”
 
 Galeria Villas Condo. Ass’n,
 
 48 So.3d at 191-92 (citing
 
 Sunshine State. Ins. Co. v. Rawlins,
 
 34 So.3d 753, 754-55 (Fla. 3d DCA 2010)).
 

 Waiver
 

 Citizens argues that the insured waived its right to request appraisal by not pleading such relief and by aggressively litigating the case for ten months. We disagree and conclude that the insured did not waive its right to appraisal because it did not maintain a position inconsistent
 
 *345
 
 with the appraisal remedy. Instead, the insured made a presuit demand for appraisal and then included as part of the complaint against Citizens a declaratory action to determine whether it was entitled to appraisal. Accordingly, “[t]here is no basis for a claim of waiver here, where the appraisal clause was invoked at the start of the litigation.”
 
 Gonzalez v. State Farm Fire & Cas. Co.,
 
 805 So.2d 814, 818 (Fla. 3d DCA 2000).
 

 Automatic stay
 

 Lastly, we determine that Citizens was entitled to an automatic stay of the appraisal process during the pendency of this appeal under rule 9.310(b)(2).
 
 [1]
 
 Rule 9.310(b)(2) provides, in pertinent part, the following:
 

 Public Bodies; Public Officers.
 
 The timely filing of a notice shall automatically operate as a stay pending review ... when the state, any public officer in an official capacity, board, commission, or other public body seeks review....
 

 Under this rule, an automatic stay is self-executing upon the filing of the notice of appeal by a public body seeking review to enforce a public right.
 
 See Fonts v. Bolay,
 
 769 So.2d 504 (Fla. 5th DCA 2000) (concluding that a public official was not entitled to an automatic stay because he was not enforcing a public right when seeking to appeal his ouster from office).
 

 We conclude based on the language of section 627.351(6)(a)(l), Florida Statutes (2010), that Citizens qualifies as a public body under rule 9.310(b)(2). The relevant portion of section 627.351(6)(a)(l) provides:
 

 The Legislature intends by this subsection that affordable property insurance be provided and that it continue to be provided, as long as necessary, through Citizens Property Insurance Corporation,
 
 a government entity that is an integral part of the state, and that is not a private insurance company.
 

 (Emphasis added.)
 
 See also Citizens Prop. Ins. Corp. v. Garfinkel,
 
 25 So.3d 62, 64 (Fla. 5th DCA 2009) (concluding that Citizens was shielded by sovereign immunity for the purposes of bad faith claims because “it is explicitly clear that Citizens is not a private insurance company, but rather is a state body”). Further, Citizens’ appeal seeks to enforce Citizens’ public right or purpose of providing affordable property insurance and “providing service to policyholders ... which is no less than the quality generally provided in the voluntary market.” Accordingly, Citizens was entitled to an automatic stay under rule 9.310(b)(2).
 

 The order compelling appraisal is reversed and remanded for further proceedings consistent with this opinion.
 

 NORTHCUTT and VILLANTI, JJ., Concur.
 

 [1]
 

 . We note that the motions to stay previously filed by Citizens in this court and in the circuit court requested a
 
 discretionaiy
 
 stay and failed to mention
 
 the'automatic
 
 stay provision. We express no opinion on whether Citizens would be entitled to an automatic stay in an appeal of a money judgment, as described in rule 9.310(b)(1).