ROTHENBERG, J.
This is a non-final appeal of the trial court’s order transferring venue from Miami-Dade County to Leon County. Castle Beach Club Condominium, Inc. (“Castle Beach”) sued Citizens Property Insurance Corp. (“Citizens”), a state entity, for breach of contract and an appraisal in Miami-Dade Circuit Court. The trial court transferred the case to Leon County based upon Citizens’ assertion of Florida’s common law home venue privilege. We affirm the trial court’s order because: (1) Citizens is a state entity protected by the home venue privilege; (2) Castle Beach concedes that no exception to the home venue privilege applies; and (3) Citizens did not waive the privilege.
In this case, the trial court’s venue determination was decided as an issue of law, and thus, our standard of review is de novo. Dep’t of Transp. v. City of Miami, 20 So.3d 908, 910 (Fla. 3d DCA 2009). Citizens did not answer the complaint, but moved to transfer venue. The trial court granted Citizens’ motion to transfer venue to its home venue of Leon County, citing the common law home venue privilege that applies to state entities.
Under Florida common law, the state and its agencies or subdivisions enjoy the home venue privilege. “The home venue privilege provides that, absent waiver or exception, venue in a suit against the State, or an agency or subdivision of the State, is proper only in the county in which the State, or the agency or subdivision of the State, maintains its principal headquarters.” Fla. Dep’t of Children & Fami *966 lies v. Sun-Sentinel, Inc., 865 So.2d 1278, 1286 (Fla.2004). A trial court is required to honor an agency’s use of the privilege unless: (1) it is inapplicable, based upon an exception recognized by the Florida Supreme Court or by statute; or (2) it has been waived. Id. at 1287-88; see also Bd. of Trs. of the Internal Improvement Trust Fund v. Harvey W. Seeds Post No. 29, 948 So.2d 799, 800 (Fla. 3d DCA 2006) (“[I]t is an immutable principle that, under Florida’s home venue privilege, a state agency ... may be sued only at its headquarters ... unless one of the recognized exceptions to that rule applies.”).
Castle Beach concedes that no exception to the privilege applies here, but contends that: (1) based on the language in the enabling statute, the Legislature did not intend for the home venue privilege to apply to Citizens; (2) because Citizens is a state “entity,” not a state agency or a subdivision of the state, it does not enjoy the home venue privilege; and (3) Citizens waived the privilege by choosing to litigate other cases outside Leon County, including in Miami-Dade County.
As a state entity, Citizens presumptively holds the privileye
State entities presumptively hold the home venue privilege. See Carlile v. Game & Fresh Water Fish Comm’n, 354 So.2d 362, 363-64 (Fla.1977). Therefore, Castle Beach bears the burden of demonstrating that Citizens, which is “a government entity that is an integral part of the state, and that is not a private insurance company,” § 627.351(6)(a)l., Fla. Stat. (2010), does not enjoy this protection.
Castle Beach has not met that burden. First, we note that Citizens’ enabling statute does not specifically express the Legislature’s intent to eliminate Citizens’ home venue privilege, which is available to all state entities under Florida’s common law, and Florida law disfavors abrogating a common law privilege by implication. Bush v. State, 945 So.2d 1207, 1213 n. 10 (Fla.2006); Thornber v. City of Fort Walton Beach, 568 So.2d 914, 918 (Fla.1990); Peninsular Supply Co. v. C.B. Day Realty of Fla., Inc., 423 So.2d 500, 502 (Fla. 3d DCA 1982). Thus, Castle Beach must demonstrate that the language the Legislature chose in Citizens’ enabling statute clearly reflects its intent to affect the privilege even though the privilege is not specifically referenced.
Castle Beach suggests that the Legislature’s mandate in section 627.351(6)(a)l., that Citizens “providfe] service to policyholders, applicants, and agents which is no less than the quality generally provided in the voluntary market,” by implication, abrogates the privilege because private insurers working in the “voluntary market” do not possess the privilege. However, under Florida law, “[ujnless a statute unequivocally states that it changes the common law, or is so repugnant to the common law that the two cannot coexist, the statute will not be held to have changed the common law.” Thom-ber, 568 So.2d at 918. The language cited by Castle Beach is, however, neither repugnant to the common law privilege, because it relates to overall customer service but does not address procedure in lawsuits, nor unequivocal regarding elimination of the privilege, because it does not address venue or the privilege. We, therefore, reject Castle Beach’s argument.[1]

*967
The Legislature intended that Citizens be protected by the home venue privilege

Based on the plain and unambiguous language of Citizens’ enabling statute, section 627.351(6)(a)l., and our review of the case law, we conclude that the Legislature intended that Citizens be protected by the home venue privilege. In 2007, the Legislature amended Citizens’ enabling statute, specifically declaring that Citizens is “a government entity that is an integral part of the state, ... not a private insurance company,” created to provide affordable property insurance in this state. § 627.351(6)(a)l. The enabling statute further provides:
Because it is essential for this government entity to have the maximum financial resources to pay claims following a catastrophic hurricane, it is the intent of the Legislature that Citizens Property Insurance Corporation continue to be an integral part of the state and that the income of the corporation be exempt from federal income taxation....

Id.

Castle Beach contends that although Citizens is a state or governmental “entity,” it is not entitled to invoke the home venue privilege because it is not an “agency or subdivision of the state.” See Citizens Prop. Ins. Corp. v. Admiralty House, Inc., 66 So.3d 342, 345 (Fla. 2d DCA 2011) (finding that “Citizens qualifies as a public body”); Citizens Prop. Ins. Corp. v. Ashe, 50 So.3d 645, 647 (Fla. 1st DCA 2010) (stating that “Citizens is a governmental entity”); Citizens Prop. Ins. Corp. v. Garfinkel, 25 So.3d 62, 66 (Fla. 5th DCA 2009) (holding that “the Legislature created Citizens as a state entity”). This Court, however, has found that governmental “entities,” under certain cireum-stances, are entitled to the home venue privilege. Two such examples are Boca Raton Housing Authority v. Carousel Development, Inc., 482 So.2d 543, 545 (Fla. 3d DCA 1986), wherein this Court held that Boca Raton Housing Authority was a governmental entity entitled to the home venue privilege, and Ven-Fuel v. Jacksonville Electric Authority, 332 So.2d 81, 82 (Fla. 3d DCA 1975),. wherein this Court concluded that Jacksonville Electric Authority was a governmental entity entitled to the home venue privilege.
In Boca Raton Housing Authority, this Court’s finding was based on the fact that Boca Raton Housing Authority: (1) exercises “public and essential governmental functions”; (2) receives and expends federal funding; (3) has eminent domain powers; (4) must comply with the Public Records Act; (5) is subject to “Government in the Sunshine”; (6) enjoys limited sovereign immunity; (7) may participate in a government retirement system for the benefit of its employees; and (8) is exempt from taxation and special assessments. Boca Raton Hous. Auth, 482 So.2d at 545. Citizens, like Boca Raton Housing Authority, is “an integral part of the state,” § 627.351(6)(a)l., and exercises important public and governmental functions, received $715 million in public funds through an appropriation by the Florida Legislature as a result of an active hurricane season; is subject to the Florida Public Records Act; is subject to “Government in the Sunshine” laws; enjoys limited sovereign immunity; and is exempt from federal income taxation. Additionally, Citizens operates under the supervision of an eight-member board of governors appointed by four constitutional officers: the Governor, the Chief Financial Officer, the President *968 of the Senate, and the Speaker of the House of Representatives. See § 627.351(6)(c)4.a. The board of governors is subject to Florida’s statutory code of ethics for public officers and employees, see § 627.351(6)(d)3.; Citizens operates under a plan approved by the Florida’s Financial Services Commission, see § 20.121(3), Fla. Stat. (2011); § 627.351(6)(a)2.; and is subject to audits by the Auditor General, which conducts audits of state government. See § 11.45(2), Fla. Stat. (2011); § 627.351.
This Court also found Jacksonville Electric Authority was entitled to the home venue privilege, with far fewer indicators: tax money could be used in its operations and its activities were governmentally supervised. Ven-Fuel, 332 So.2d at 82-83.
Conversely, this Court declined to assign home venue privilege to the Florida Insurance Guaranty Association (“FIGA”) in Kuvin, Klingensmith & Lewis, P.A. v. Florida Insurance Guaranty Ass’n., 371 So.2d 214, 216 (Fla. 3d DCA 1979), after concluding that FIGA, which is composed exclusively of private insurers and is governed by a committee selected by the member insurers, is a business entity, not “an arm of the government.” Id. Additionally, FIGA has never been referred to as a governmental entity; it has not received public funding; its enabling statute, § 631.57(3)(d), Fla. Stat. (2011), prohibits the use of tax monies to fund it; it is not exempt from taxation; and it is not subject to “Government in the Sunshine” laws or an audit by the Auditor General.
We therefore conclude that, like Boca Raton Housing Authority and Jacksonville Electric Authority, two governmental entities this Court found were protected by the home venue privilege, Citizens is similarly protected.

Citizens’ litigation strategy in other cases does not affect the privilege here

Castle Beach also contends Citizens waived the privilege by litigating other cases, but not this case, outside its home venue of Leon County. Castle Beach contends that by taking actions that frustrate the privilege’s purpose of forcing cases against an agency into a single forum, Citizens has waived the privilege. This argument is persuasive, but unavailing.
The common law home venue privilege is intended to encourage uniform interpretation by one court, thus promoting efficient and uniform rulings and minimizing expenditure of public funds. See, e.g., Fla. Pub. Serv. Comm’n v. Triple “A” Enters., Inc., 387 So.2d 940, 943 (Fla.1980). However, waiver of the privilege only occurs through actions in the same case, not different cases. See, e.g., Dickinson v. Fla. Nat’l Org. for Women, Inc., 763 So.2d 1245,1248 (Fla. 4th DCA 2000) (concluding that actions in an earlier case did not affect the privilege in the present case); see also Dep’t of Agric. v. Middleton, 24 So.3d 624, 627 (Fla. 2d DCA 2009) (rejecting a waiver argument because throughout the proceedings in the trial court “the State Agencies consistently asserted their entitlement to the home venue privilege” and “[a]t no time did the State Agencies agree to submit to venue in Pinellas County or submit to the jurisdiction of the Circuit Court located in Pinellas County”); cf. Cnty. of Volusia v. Atl. Int’l Inv. Corp., 394 So.2d 477 (Fla. 1st DCA 1981) (finding the county had waived its home venue privilege by not asserting the privilege in its motion to dismiss). Consequently, the trial court correctly determined that other cases in Miami-Dade County involving Citizens do not implicate its ability to assert the privilege in this case because the privi *969 lege was not waived in this case. Accordingly, we affirm the trial court’s order transferring venue from Miami-Dade County to Leon County.
Affirmed.

. Castle Beach also cites section 627.351(6)(a)4., which states the Legislature intends that "the corporation be held to service standards no less than those applied to insurers in the voluntary market by the office with respect to ... overall dealings with policyholders.... ” Castle Beach contends the language "overall dealings” includes lawsuits *967 and, therefore, eliminates the privilege. We disagree, finding this language also does not show the Legislature intended to eliminate Citizens’ common law home venue privilege.