# Third District Court of Appeal

## State of Florida

Opinion filed February 24, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-82
Lower Tribunal No. 18-33972
_____

**People's Trust Insurance Company,**
Appellant,

vs.

**Rafael Fernandez,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Cole, Scott & Kissane, P.A. and Mark D. Tinker (Tampa); Brett Frankel and Jonathan Sabghir (Deerfield Beach), for appellant.

Montalto Legal, PLLC, and Stephen N. Montalto, for appellee.

Before FERNANDEZ, HENDON and LOBREE, JJ.

HENDON, J.

People's Trust Insurance Company ("PTI") appeals from that part of a non-final order that denied its motion to stay proceedings in policyholder Rafael Fernandez's ("Fernandez") complaint and to compel appraisal. We reverse and remand with instructions to stay the action and grant PTI's motion to compel appraisal.

Facts

Fernandez has a homeowner's insurance policy from PTI with a Preferred Contractor Endorsement that allows PTI to use its own preferred contractor to evaluate and repair damage once PTI accepts a claim as covered and exercises its contractual option to repair the covered losses. In 2017, Fernandez's house suffered hurricane damage. In 2018, Fernandez filed a claim with PTI for that damage. PTI accepted the claim and invoked its option to repair under the Preferred Contractor Endorsement. PTI notified Fernandez that pursuant to the contract, he could submit his own estimate of repairs if he disputed PTI's proposed scope of repair. PTI's pre-deductible estimate, consisting primarily of roof repair, totaled $18,731.68.

In response to PTI's adjuster's email to Fernandez's counsel requesting him to send by email Fernandez's sworn proof of loss and repair estimate, Fernandez's counsel timely responded with an email to PTI's adjuster attaching Fernandez's sworn proof of loss and estimate for repair

2

and requesting further investigation. PTI's adjuster failed to record Fernandez's email and proof of loss attachments.

As a result of PTI's failure to record Fernandez's sworn proof of loss and estimate, PTI sent repeated requests to Fernandez to supply his sworn proof of loss, to which Fernandez did not respond because he had already timely submitted the requested documents. When PTI did nothing to commence repairs, Fernandez filed his two-count complaint against PTI for breach of insurance contract and declaratory judgment. In Count 1, Fernandez asserted a claim for declaratory judgment, stating that PTI invoked its option to repair and requested a proof of loss, Fernandez supplied the required proof of loss, but then PTI sent multiple emails and letters to Fernandez requesting exactly what had already been provided. In Count 2, Fernandez alleged a claim for breach of contract, claiming PTI breached the policy by failing to fully acknowledge the covered loss and by failing to pay Fernandez all of the benefits due and owed. Fernandez sought direct payment of the cost of repair, plus additional damages for loss of use, fair rental value, living expenses, debris removal, and "any other consequential damages" flowing from PTI's alleged breach.

In response, PTI filed an omnibus motion seeking, among other things, an order compelling appraisal, dismissing Fernandez's complaint,

3

authorizing PTI's right to repair the property, and to pay the deductible, followed by a motion to stay discovery pending the trial court's determination of the motion to dismiss, etc. Fernandez unilaterally set a hearing on PTI's motion to dismiss and to compel appraisal. PTI's counsel, however, did not receive notice of hearing and did not attend the hearing. The trial court heard the motion anyway and entered an order denying PTI's motion to dismiss, to compel appraisal, etc. PTI filed a motion for reconsideration,[1] which the trial court granted, and reset the hearing.

At the December 12, 2019 hearing on PTI's reconsidered motion to dismiss, the trial court asked Fernandez's counsel if it should stay the litigation and compel the parties to appraisal.[2] Fernandez's counsel argued

---

[1] Because the subject order was a nonfinal order, it was not subject to rehearing, but rather was subject to reconsideration at any time prior to judgment. Motions for "reconsideration," as compared to Rule 1.530 motions for rehearing, apply to nonfinal, interlocutory orders and are based on a trial court's "inherent authority to reconsider and, if deemed appropriate, alter or retract any of its nonfinal rulings prior to entry of the final judgment or order terminating an action . . . ." Seigler v. Bell, 148 So. 3d 473, 478–79 (Fla. 5th DCA 2014) (citing Silvestrone v. Edell, 721 So.2d 1173, 1175 (Fla.1998)).

[2] The insurance contract appraisal provision provides, in relevant part:

Where "we" elect to repair:
1. If "you" and "we" fail to agree on the amount of loss, which includes the scope of repairs, either may demand an appraisal as to the amount of loss and the scope of repairs. In this event, each party will choose a competent appraiser within 20 days after

4

that it was too late to compel appraisal because the parties were already engaged in litigation. After hearing arguments from both parties, the trial court denied PTI's motion to dismiss, required it to file an answer to the complaint, and stated that PTI could again file a motion to compel appraisal. PTI appeals that portion of the order denying its motion to stay and compel appraisal.

## Standard of Review

When the facts are undisputed, an appellate court reviews an order denying a motion to compel appraisal *de novo*. People's Tr. Ins. Co. v. Garcia, 263 So. 3d 231, 233–34 (Fla. 3d DCA 2019).

## Discussion

---

receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, "you" or "we" may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss and scope of repairs. If the appraisers submit a written report of an agreement to "us", the amount of loss and scope of repairs agreed upon will be the amount of loss and scope of repairs. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss and the scope of repairs. Each party will pay its own appraiser, and bear the other expenses of the appraisal and umpire equally.

5

Because the appraisal process is meant to prevent unnecessary litigation, the trial court should have granted PTI's motion to stay and to compel appraisal according to the policy terms, notwithstanding that PTI failed to record Fernandez's timely scope of loss documentation. When an insurer admits that there is a covered loss, "any dispute on the amount of loss suffered is appropriate for appraisal." <u>Villagio at Estero Condo. Ass'n. v. Am. Capital Assurance Corp.</u>, No. 2D20-1414, 2021 WL 193487, at *2 (Fla. 2d DCA Jan. 20, 2021) (quoting <u>Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc.</u>, 162 So. 3d 140, 143 (Fla. 2d DCA 2014)).

PTI did not waive its right to compel appraisal. There is no bar to seeking appraisal after litigation has begun. <u>Fla. Ins. Guar. Ass'n. v. Castilla</u>, 18 So. 3d 703, 705 (Fla. 4th DCA 2009) (holding an appraisal clause may be invoked for the first time after litigation has commenced) (citing <u>Gonzalez v. State Farm Fire & Cas. Co.</u>, 805 So. 2d 814 (Fla. 3d DCA 2000)). In <u>Castilla</u>, this Court concluded that the insurer did not waive its right to seek appraisal by actively participating in the litigation where, after moving unsuccessfully to dismiss the insureds' complaint, the insurer raised its right to appraisal under an insurance policy as an affirmative defense.

Further, the trial court made no determination whether PTI's demand for appraisal was ripe. <u>See</u> <u>Villagio</u>, *2 ("To support an order compelling

6

appraisal under the parties' insurance policy, the trial court "'must make a preliminary determination as to whether the demand for appraisal is ripe.'") (quoting Citizens Prop. Ins. Corp. v. Admiralty House, Inc., 66 So. 3d 342, 344 (Fla. 2d DCA 2011)). An appraisal demand is ripe where post-loss conditions are met, and the insurer has had a reasonable opportunity to investigate and adjust the claim and there is a disagreement regarding the value of the property or the amount of loss. Admiralty House, 66 So. 3d at 344; see also State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 477 (Fla. 3d DCA 2015) (stating that a "party seeking appraisal must comply with all post-loss obligations before the right to appraisal can be invoked under the contract"). Instead, the trial court denied PTI's motion to dismiss and required PTI to answer the complaint, finding the complaint stated a valid cause of action. The trial court then indicated that PTI could move to stay the litigation and compel appraisal. In fact, PTI did exactly this in response to the complaint. The facts are undisputed: PTI conceded coverage, and Fernandez timely submitted his scope of loss estimate which disagreed with PTI's scope of loss estimate. At that point, the trial court needed to evaluate whether all post-loss obligations had been met and whether appraisal was ripe before proceeding further.

On de novo review of the order denying the motion to compel appraisal, we conclude that post-loss requirements have been met by both parties and the issue is ripe for appraisal. We therefore reverse that part of the non-final order requiring PTI to answer the complaint and we remand with directions to stay the litigation and to compel appraisal pursuant to the policy. This remedy not only upholds the terms of the policy but conserves the parties' and trial court's resources should appraisal resolve the scope of loss issue between the parties without further litigation.

Reversed in part and remanded.