# Third District Court of Appeal

## State of Florida

Opinion filed July 20, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1853
Lower Tribunal No. 21-3212
_____

**Auto Club Insurance Company of Florida,**
Appellant,

vs.

**Nolan Santee and Maria Santee,**
Appellees.


An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Oscar Rodriguez-Fonts, Judge.

Atkinson, P.A., Tiffany A. Bustamante and John Bond Atkinson, for appellant.

Perry & Neblett, P.A., David Avellar Neblett, and John A. Wynn, for appellees.


Before FERNANDEZ, C.J., and MILLER, and LOBREE, JJ.

FERNANDEZ, C.J.

Auto Club Insurance Company of Florida ("Auto Club") appeals the trial court's non-final order granting the insured's motion to compel appraisal of a claim under a homeowner's insurance policy. Because there was an issue of fact as to whether the insured complied with his post-loss obligations, the trial court's failure to conduct an evidentiary hearing constituted error. We therefore reverse and remand.

Nolan and Maria Santee claim to have sustained interior and roof damages to their home as a result of a June 2019 storm. The Santees notified Auto Club, their insurer. Auto Club acknowledged coverage for the losses to the interior of their home but denied coverage for the damage to the roof. The Santees sought to recover funds for the damaged roof. However, an independent inspection arranged by Auto Club concluded that the damage to the roof was unrelated to wind or hail.

The Santees' insurance policy provides that in the event of a claim, insured parties must comply with a number of post-loss obligations, including submission of a sworn proof of loss within sixty days of the loss. The insurer is entitled to these documents and records without having to request them.

In January of 2021, over a year after the loss was initially reported, the Santees, through counsel, notified Auto Club that they were seeking "full payment for the loss, and/or appraisal and formal notice that the insured

intends to repair the property and demands payment for recoverable depreciation." This demand did not specify an amount. The Santees claim to have submitted a timely estimate and sworn proof of loss, which Auto Club disputes.

On February 9, 2021, the Santees filed a Complaint against Auto Club seeking an appraisal, declaratory relief, and mediation. On April 15, 2021, the Santees moved to Compel Appraisal and Stay Litigation Until Appraisal is Completed. The trial court granted the motion without elaboration or findings regarding post loss obligations.

Auto Club contends that the Santees failed to provide the required records and documents, making the insureds non-compliant with post-loss obligations under the insurance policy and waiving their right to recover under the claim. Furthermore, Auto Club argues that the Santees waived their right to appraisal by prematurely engaging in litigation. Auto Club appeals the trial court's non-final order to compel appraisal and stay litigation until appraisal is completed.

Upon review of the record, we find that the trial court erred in granting the motion to compel appraisal and stay litigation without first conducting an evidentiary hearing to determine compliance with post loss obligations. Before compelling appraisal, the trial court must determine that post loss

3

obligations have been met and that an arbitrable issue exists regarding the amount of the loss. See People's Tr. Ins. Co. v. Ortega, 306 So. 3d 280 (Fla. 3d DCA 2020); Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578 (Fla. 3d DCA 2011).

Auto Club argues that the insureds waived their right to appraisal by pursuing litigation. We disagree and conclude that the insureds did not waive their right to appraisal because litigation is not necessarily inconsistent with the remedy of appraisal and in this particular case, the Santees did not maintain a position inconsistent with appraisal. Citizens Prop. Ins. Corp. v. Admiralty House, Inc., 66 So. 3d 342 (Fla. 2d DCA 2011). In fact, the insureds made a demand for appraisal in their Complaint.

For all of the foregoing reasons, the order compelling appraisal is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.